DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant James A. Copley has appealed from a judgment of the Medina County Common Pleas Court that denied his petition for postconviction relief. He has argued that, at the time he was sentenced, he was denied certain rights under the United States Constitution because, although he was sentenced after the effective date of Senate Bill 2, he was not sentenced pursuant to its provisions. This Court affirms the judgment of the trial court based upon the doctrine of res judicata.
 I.
On April 23, 1996, defendant was indicted on one count of aggravated trafficking in drugs and one count of permitting drug abuse. On December 27, 1996, defendant pleaded guilty to both of the charges against him and was sentenced by the trial court. He did not appeal. On May 12, 1997, defendant filed a document with the trial court captioned: "Motion to Vacate Sentence and Resentence According to New Law in Effect July 1, 1996, Senate Bill 2." On July 11, 1997, the trial court denied defendant's "Motion," and defendant timely appealed to this Court.
 II.
Defendant's sole assignment of error is that, at the time he was sentenced, he was denied certain rights under the United States Constitution because, although he was sentenced after the effective date of Senate Bill 2, he was not sentenced pursuant to its provisions. Although defendant captioned the document he filed in the trial court as a "Motion to Vacate," it was, in effect, a petition for postconviction relief:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. Although defendant did not file a direct appeal in this case, he did file his "Motion to Vacate" after the period within which he could have filed an appeal had expired. That "Motion," therefore, was, in effect, a petition for postconviction relief.
Defendant's petition for postconviction relief was barred by the doctrine of res judicata:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus. The record reveals that defendant was represented by counsel at the time he pleaded guilty to the charges against him and was sentenced. The argument that he has attempted to raise by his petition for postconviction relief could have been made to the trial court before or at his sentencing and pursued upon direct appeal. In view of that, he was barred from pursuing it through a petition for postconviction relief. Accordingly, defendant's assignment of error is overruled based upon the doctrine of res judicata.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
QUILLIN, P. J.
BAIRD, J., CONCUR