OPINION
Defendant, Robert C. Hayden, appeals from a judgment of the court of common pleas denying Hayden's R.C. 2953.21 petition for post-conviction relief.
Hayden was convicted in 1990 of one count of Rape, in violation of R.C. 2907.02(A)(2), with a prior aggravated felony specification. Hayden's conviction was affirmed by this court on review of his subsequent merit appeal. State v. Hayden (September 27, 1991), Montgomery App. No. 12220, unreported.
Five years after we affirmed his conviction Hayden filed a petition for post-conviction relief. The petition alleged that there was evidence of Hayden's innocence and that his trial counsel was constitutionally ineffective for failing to offer it at trial. The trial court denied the petition without a hearing. On appeal, we reversed and remanded for a hearing. State v. Hayden
(Dec. 5, 1997), Montgomery App. No. 16497, unreported. On remand, and after a hearing, the court denied Hayden's petition.
Hayden filed a timely notice of appeal from the trial court's order. He presents two assignments of error for our review.
 FIRST ASSIGNMENT OF ERROR MANIFEST MISCARRIAGE OF JUSTICE BASED ON A CLAIM OF ACTUAL INNOCENCE WHERE CONVICTION LIES ON INSUFFICIENT EVIDENCE.
Hayden is African-American. The victim of his Rape offense is Caucasian. The State's proof demonstrated forcible vaginal intercourse. Upon examination of the victim's pubic area, pubic hairs were found that could only have come from a Caucasian donor. This evidence, though available, was not introduced at trial. At the hearing on the petition, evidence was offered which permitted a conclusion that those hairs could have come from the body of the victim herself.
A medical examination of the rape victim yielded vaginal aspirate. Tests conducted after Hayden's petition for post-conviction relief was filed excluded Defendant as the source of the DNA obtained from the non-sperm portion of the aspirate. However, Defendant could not be excluded as the source of the DNA obtained from the sperm portion.
Hayden attacks the evidence supporting his conviction as legally insufficient, arguing that had the pubic hair and DNA evidence offered in support of his petition been considered at trial, a contrary result could have followed.
A sufficiency of evidence claim attacks the evidence that was admitted at trial and contends that the evidence, even if believed, lacks the capacity to convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259. Therefore, matters not a part of that evidence are irrelevant to a sufficiency of evidence claim, no matter what their persuasive quality may be.
Because the pubic hair and DNA evidence were not before the court when Hayden was convicted, they cannot be a basis to reverse his conviction on a finding that the evidence which was introduced was legally insufficient to convict. Further, whether the evidence supporting a conviction was or was not legally sufficient is a question properly resolved upon a merit appeal from the conviction. When such an appeal is taken, as it was here, the claim is barred as grounds for post conviction relief by the doctrine of res judicata. State v. Szefcyk (1996), 77 Ohio St.3d 93; State v. Perry (1967), 10 Ohio St.2d 175.
 Hayden's first assignment of error is overruled. SECOND ASSIGNMENT OF ERROR INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL VIOLATING DEFENDANT'S SIX, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
The evidence concerning pubic hairs that Hayden presented in support of his petition was available to his trial attorney, who did not offer it in evidence at trial. That failure cannot be the basis of an ineffective assistance of counsel reversal unless it operated to Hayden's prejudice. Strickland v. Washington (1966),466 U.S. 668. To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. State v. Bradley
(1989), 42 Ohio St.3d 136.
Because Hayden is not Caucasian, he could not be the source of Caucasian pubic hairs that were obtained from the rape victim. That fact reasonably supports a resulting inference that if the victim was raped the perpetrator was a Caucasian, and not Hayden. However, evidence produced at the hearing permits a finding that the victim herself could have been the source of the hairs, which negates the inference that Hayden was not the perpetrator. The evidence thus creates no reasonable probability that, had it been introduced, a different result probably would have occurred. Therefore, prejudice is not demonstrated.
The DNA evidence did not exist when the trial was conducted. Hayden's claim suggests that counsel was constitutionally ineffective for failing to develop and introduce the evidence. Again, the proper test for that contention is whether, but for counsel's alleged omission, a different outcome probably would have occurred. Id.
The DNA evidence could not exclude Hayden as a source of the DNA obtained from the sperm portion of the vaginal aspirate, permitting a finding that Hayden committed the rape. Hayden could be excluded as a source of the non-sperm portion. However, we are not told whether the non-sperm portion is attributable to a male, or to the particular male who committed the rape.
The trial court found the DNA evidence inconclusive with respect to whether Hayden perpetrated the rape, and for that reason insufficient to support a finding that had the DNA evidence been developed and introduced he probably would not have been convicted. We find no basis to disagree with those conclusions. Thus, prejudice is not demonstrated.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Cheryl A. Ross, Esq.
Robert O. Hayden
Hon. Mary E. Donovan