DECISION AND JOURNAL ENTRY
Appellant-defendant Charles Perry, Jr. appeals from the denial of his motion to vacate fines that had been imposed as part of his sentence in the Lorain County Court of Common Pleas. This Court affirms.
On September 21, 1998, Perry pleaded guilty to one count of robbery in violation of R.C. 2911.02(A)(2). Subsequently, on January 5, 1999, the trial court sentenced Perry to two years, a fine of $1000, and ordered him to make restitution.
Perry did not file a direct appeal from these proceedings. Instead, on December 7, 1999, he filed a motion to vacate the fine imposed as part of his sentence. The trial court denied Perry's motion on December 9, 1999.
Perry timely appeals, asserting one assignment of error:
Assignment of Error
 Whether the trial court abused its discretion and violation [sic] defendant/appellant's rights' [sic] under the Fifth, Eighth, and Fourteenth Amendments' [sic] when it imposed both: ["a prison term and a fine"] on the defendant after determining defendant to be indigent with no ability to pay such a fine.
Perry asserts that because he was indigent at the time of sentencing, the trial court violated his constitutional rights in imposing a fine as part of his sentence. However, in addressing Perry's assignment of error, this Court need not reach the underlying merits of his argument because Perry has failed to satisfy the threshold prerequisites permitting consideration of his motion to vacate the fine imposed as part of his sentence.
The Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.
 State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. This Court has previously applied Reynolds in holding that a motion to withdraw a guilty plea filed after the time for direct appeal that seeks vacation of a conviction and sentence on a claimed violation of a defendant's constitutional rights must be construed as a postconviction relief petition. State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported, appeal not allowed (1999),86 Ohio St.3d 1402; State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported, appeal not allowed (1997), 80 Ohio St.3d 1432. A claim that a guilty plea was neither knowing nor voluntary is predicated upon constitutional violations.State v. White (Sept. 8, 1999), Lorain App. No. 98CA007036, unreported, appeal not allowed (2000), 87 Ohio St.3d 1490. Therefore, Perry's motion to vacate the fees imposed as part of his sentence must be construed as a postconviction relief petition.
As noted, Perry had been sentenced on January 5, 1999. On December 7, 1999, Perry filed what constitutes his first postconviction relief petition. R.C. 2953.21(A)(2) provides that when no appeal is taken, the petition must be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Therefore, Perry's petition was required to be filed by August 3, 1999. Because Perry did not file his petition for postconviction relief until December 7, 1999, the trial court was barred from entertaining his petition unless Perry met the requirements set forth in R.C. 2953.23. See State v. Cool (Oct. 13, 1999), Summit App. No. 19329, unreported, appeal not allowed by (1999), 87 Ohio St.3d 1495.
An untimely postconviction relief petition is governed by R.C. 2953.23(A), which provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Perry has failed to satisfy the criteria under R.C.2953.23(A) permitting consideration of his petition for relief. Perry did not even attempt to show by clear and convincing evidence that, but for the alleged constitutional error, a reasonable factfinder would have found him innocent of the charges to which he pled guilty. As such, he failed to satisfy R.C. 2953.23(A)(2).[1] Accordingly, the trial court was precluded from addressing Perry's petition on its merits. See R.C. 2953.23(A).
The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT, BAIRD, P. J., WHITMORE, J., CONCUR.
[1] Because Perry's failure to satisfy R.C. 2953.23(A)(2) is dispositive of this appeal, this Court need not address whether Perry also failed to satisfy R.C. 2953.23(A)(1). Additionally, this Court notes that even if Perry's petition had been timely, it would have been barred by res judicata.State v. Pannell (Jan. 20, 1999), Wayne App. No. 98CA0034, unreported, appeal not allowed (1999), 85 Ohio ST.3d 1487, citing State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus ("[t]he doctrine of res judicata bars relitigation in a proceeding for post-conviction relief of any issue that was raised or that could have been raised at trial or on direct appeal." (Emphasis added.)