OPINION
On December 20, 1999, the Stark County Grand jury indicted appellant, Kourie Brown, a juvenile, on one count of aggravated robbery with a firearm specification in violation of R.C. 2911.01 and R.C. 2941.145. Said charge arose from an incident involving Catherine Nardecchia.
A jury trial commenced on February 7, 2000. The jury found appellant guilty as charged. By judgment entry filed March 7, 2000, the trial court sentenced appellant to an aggregate term of eight years in prison which included a three year mandatory term for the firearm specification.
Appellant filed an appeal to this court. This court affirmed appellant's conviction and sentence. See, State v. Brown (December 4, 2000), Stark App. Nos. 2000CA00199 2000CA00085, unreported.
On September 29, 2000, appellant filed a petition for postconviction relief. By judgment entry filed December 14, 2000, the trial court found appellant's claims were res judicata and dismissed the petition without a hearing.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE STARK COUNTY COMMON PLEAS COURT ERRED WHEN IT DENIED KOURIE BROWN'S PETITION FOR POSTCONVICTION RELIEF, AS BROWN'S CONVICTION WAS VOIDABLE FOR VIOLATION OF HIS SIXTH AMENDMENT RIGHTS.
 I
Appellant claims the trial court erred in finding his petition for postconviction relief was res judicata. We disagree.
As res judicata applies to postconviction relief petitions, the Supreme Court of Ohio has recently reaffirmed State v. Perry (1967),10 Ohio St.2d 175:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. (State v. Perry [1967], 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus, approved and followed; State v. Westfall [1995], 71 Ohio St.3d 565, 645 N.E.2d 730, disapproved.)
 State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus.
In the original appeal, State v. Brown (December 4, 2000), Stark App. Nos. 2000CA00199 2000CA00085, unreported, the following assignments of error were raised by appellant and reviewed by this court under the plain error doctrine:
 THE ADMISSION OF TESTIMONY WITH REGARD TO ALLEGED PRIOR ACTS WAS PREJUDICIAL AND REQUIRES REVERSAL OF THE VERDICT.
 V THE STATE'S COMMENTS IN CLOSING ARGUMENT INDICATING THAT THE APPELLANT HAD A HISTORY OF STEALING AND THIEVING WERE PREJUDICIAL, FALSE AND REQUIRED REVERSAL.
Appellant's assignment of error sub judice is based upon the same claimed errors, but are argued under the standard of ineffective assistance of trial counsel. Appellant again argues the statements made by Officer Kirk McConnell violated Evid.R. 404(B) and the prosecutor's closing argument was objectionable and amounted to prosecutorial misconduct.
Clearly the matter falls squarely under the doctrine of res judicata,
in particular, Assignment of Error V in the original appeal was found not to be error:
 As in appellant's fourth assignment of error, appellant did not object to this statement. Notwithstanding this fact, we find the prosecutor's statement was not improper. Although appellant asserts there is no evidence appellant had committed any other theft offense, the record demonstrates appellant, himself, testified to stealing a gun from a man's truck. Accordingly, while we note the prosecutor struck a `hard blow,' we do not find it to be a `foul blow.'
 Brown, at 14.
In Assignment of Error IV in the original appeal, we found the answers given by Officer McConnell were objectionable but did not rise to the level of plain error:
 We agree with appellant these statements were objectionable. In fact, had an objection been raised, we would have found this testimony inadmissible. However, we find the admission of this testimony does not rise to the level of plain error.
 Brown, at 13.
Appellant urges us to reconsider the objectionable testimony under the standard of ineffective assistance of counsel. In State v. Bradley
(1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011, the Supreme Court of Ohio stated in order to maintain a claim for ineffective assistance of counsel, appellant must establish the following:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
We find this challenge was cognizable as error under the original appeal and does not present any evidence dehors the record that would permit its reconsideration on a second appeal. We find the trial court did not err in finding the doctrine of res judicata barred the consideration of appellant's petition for postconviction relief.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
Farmer, J.
Edwards, P.J. and Gwin, J. concur.