OPINION
{¶ 1} Appellant Charles Barton appeals the dismissal of his Petition for Post-Conviction Relief by the Stark County Court of Common Pleas Court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following facts give rise to this appeal:
 {¶ 3} On June 16, 2000, a 1992 GMC van was stolen from Forrest Motors Wholesale in Canton, Ohio. During the early morning hours of June 17, 2000, Officer Andrew Kneffler received a call regarding a suspicious person at the Speedway gas station on the corner of Frank Road and Portage Street. Officer Kneffler observed the van and saw appellant and a female companion, later identified as Dorothy Sturgill, get into the van. Appellant drove out of the Speedway parking lot and proceeded east on Portage Street. As the van approached Officer Kneffler's position, he clearly saw appellant driving the van.
 {¶ 4} Officer Kneffler began following the van, in his cruiser, in an attempt to get a license plate number. Appellant next stopped the van in the Taco Bell parking lot. As Officer Kneffler pulled into the parking lot, appellant and Ms. Sturgill exited from the passenger side of the van and began walking toward the drive-through. Officer Kneffler stopped his cruiser in front of the van and exited it. Officer Kneffler yelled that he needed to talk to appellant and Ms. Sturgill. Ms. Sturgill stopped walking, however, appellant continued walking away from Officer Kneffler. When Officer Kneffler told appellant that he needed to talk to him, appellant began ranting and raving and using foul language.
 {¶ 5} Because of appellant's erratic behavior, Officer Kneffler thought appellant may have mental problems. Appellant then turned and started walking toward Officer Kneffler while continuing his hollering. Officer Kneffler began backing away from appellant because he was uncertain whether appellant was mentally unstable. Officer Kneffler told appellant to calm down and requested that he show him some identification. At that point, appellant ran away.
 {¶ 6} After appellant fled, Officer Kneffler began talking with Ms. Sturgill. Officer Kneffler placed Ms. Sturgill in the back of his cruiser while he inspected the van. The engine was running in the van and Officer Kneffler noticed that the van had no keys and that the steering column had been peeled. It was later determined that the van was the one that had been stolen the previous day from Forrest Motors Wholesale. The van was impounded and during the inventory search, a pair of bolt cutters and two screw drivers were discovered beside the driver's seat. Ms. Sturgill was released.
 {¶ 7} Detective Tyson Bissler was assigned to follow-up on the case. Detective Bissler showed Officer Kneffler a photograph array of six photographs of similar looking individuals. Officer Kneffler immediately selected appellant, from the photograph array, as the driver of the van.
 {¶ 8} The Stark County Grand Jury indicted appellant, on October 3, 2000, on one count of receiving stolen property and one count of possessing criminal tools. Appellant entered a plea of not guilty and this matter proceeded to trial on November 20, 2000. Following deliberations, the jury found appellant guilty of receiving stolen property and not guilty of possessing criminal tools. Thereafter, the trial court sentenced appellant to a prison term of fifteen months.
 {¶ 9} Appellant appealed his conviction to this Court raising as his sole assignment o f error that his conviction was against the manifest weight of the evidence. This Court rejected this assignment of error and affirmed Appellant's conviction.
 {¶ 10} On September 20, 2001, Appellant filed a Petition for Post-Conviction Relief with the trial court styled as a Petition to Vacate or Set aside Judgment of Conviction or Sentence.
 {¶ 11} On January 24, 2002, the trial court dismissed Appellant's petition without a hearing.
 {¶ 12} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 ASSIGNMENT OF ERROR {¶ 13} "HONORABLE JUDGE SARA LIOI HAS STATED UNTRUE FACTS, JUST AS THE PROSECUTORS HAVE DONE TO MISLEAD HER HONOR INTO RES JUDICATA SO THAT DEFENDANT COULD NOT PROVE HIS TRUE INNOCENCE IN THE COURT OF LAW."
 I {¶ 14} Appellant contends, in his sole assignment of error, that the trial court erred by dismissing his petition for post-conviction relief based on res judicata. We disagree.
 {¶ 15} Revised Code § 2953.21 governs petitions for postconviction relief. Subsection (C) states as follows:
 {¶ 16} "(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
 {¶ 17} By judgment entry filed January 24, 2002, the trial court found that Appellant's claim is barred by the doctrine of res judicata. We note it is obvious from the trial court's entry there was a thorough review of the record. The entry contains a brief summary of the facts and its legal analysis of Appellant's petition. We find this entry to satisfy the requirements under R.C. § 2953.21(C).
 {¶ 18} In reviewing whether the trial court erred in denying a petition for postconviction relief, without an evidentiary hearing, we apply an abuse of discretion standard. State v. Watson (Feb. 17, 1998), Butler App. No. CA97-07-145, unreported, appeal dismissed (1998),82 Ohio St.3d 1413, citing State v. Chafin (March 25, 1999), Franklin App. No. 98AP-865, unreported, at 2. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An evidentiary hearing is not automatically required for every petition for postconviction relief. State v. McGuire (April 20, 1998), Preble App. No. CA97-06-015, unreported, appeal dismissed (1998), 83 Ohio St.3d 1428. The Ohio Supreme Court recently stated that:
 {¶ 19} "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief. State v. Calhoun
(1999), 86 Ohio St.3d 279, paragraph two of the syllabus."
 {¶ 20} A petition for postconviction relief may be dismissed, without an evidentiary hearing, when the claims raised are barred by res judicata. State v. Perry (1967), 10 Ohio St.2d 175. In Perry, the Ohio Supreme Court explained:
 {¶ 21} `Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment. Id. at paragraph nine of the syllabus."
 {¶ 22} The reason for the application of res judicata is that "`[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.'" State v. Szefcyk (1996), 77 Ohio St.3d 93, 95, quoting Federated Dept. Stores, Inc. v. Moitie (1981), 452 U.S. 394,401.
 {¶ 23} A review of appellant's petition establishes that the issue appellant raises in his petition, i.e. ineffective assistance of counsel, could have been addressed on direct appeal and is therefore barred by the doctrine of res judicata.
 {¶ 24} Appellant's sole assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Boggins, J., Farmer, P.J. and Gwin, J., concur.