OPINION
{¶ 1} Defendant-appellant, Michael Anthony McKinney, appeals the dismissal of his petition for postconviction relief.
 {¶ 2} In 1995, appellant pled no contest to four counts of rape. He received a combined sentence of ten to 50 years in prison and the convictions and sentence were affirmed on direct appeal. State v.McKinney (Aug. 21, 1995), Clinton App. No. CA95-03-007.
 {¶ 3} In June 1996, appellant unsuccessfully petitioned the trial court for postconviction relief, claiming, among other things, that the state had violated its plea bargain agreement with appellant. This court affirmed the lower court's dismissal of appellant's petition. State v.McKinney (Feb. 8, 1999), Clinton App. No. CA98-02-008.
 {¶ 4} On April 18, 2001, the trial court conducted a hearing pursuant to R.C. 2950.09(C) and classified appellant as a sexual predator. Appellant timely appealed the lower court's classification order and, while this appeal was pending, filed a second petition for postconviction relief with the trial court. This second petition asserted that the predator classification violated the terms of the plea agreement.
 {¶ 5} On May 5, 2001, 17 days later, appellant moved to supplement his petition with a letter from the Ohio Adult Parole Authority, citing Civ.R. 15(E) in support of his motion.[1] The motion was denied. The following month, this court affirmed the trial court's order classifying appellant as a sexual predator. State v. McKinney, Clinton App. No. CA2001-04-013, 2001-Ohio-8692. Relying on this decision, the trial court then denied appellant's second petition for postconviction relief on the basis of res judicata. Appellant appeals and presents the following assignments of error for review:
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "IT WAS ERROR FOR THE COURT TO RULE THAT THE ISSUE OF THE STATE VIOLATION OF THE PLEA AGREEMENT BY UNILATERALLY MODIFYING THE PLEAS [sic] AGREEMENT BY THE APRIL 18, 2001 COURT MODIFICATION OF PETITIONER'S SENTENCE WITHOUT HAS CONSENT WAS RES JUDICA [sic]."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "IT WAS ERROR FOR THE TRIAL COURT TO HOLD THAT THE SUPPLEMENTAL GROUNDS TO THE SECOND POST CONVICTION PETITION WERE RES JUDICATA SINCE THE ISSUE WAS NEVER PRESENTED TO NOR RULUED [sic] UPON BY ANY COURT PRIOR TO THE FILING OF THE SUPPLEMENT TO THE SECOND POST CONVICTION."
 {¶ 10} Assignment of Error No. 3:
 {¶ 11} "THE TRIAL COURT ERRED ON NOT GRANTING THE PETITIONER'S RULE 15E MOTION AND FILING THE SUPPLEMENT TO THE SECOND POST CONVICTION PETITION."
 {¶ 12} In his first and second assignments of error, appellant contends the trial court erroneously concluded that the issues in his second petition were barred by res judicata as a result of this court's decision in Case No. CA2001-04-013. We disagree with appellant's contention.
 {¶ 13} We previously noted that appellant claimed "* * * the proceedings under R.C. 2950.09 violate his 1995 plea bargain agreement since his sexual predator classification is not an element of the `contract' resulting from his plea. The Supreme Court of Ohio has held that `R.C. Chapter 2950 imposes no new affirmative disability or restraint.' [State v.] Cook [83 Ohio St.3d 404, 1998-Ohio-291] at 418. Accordingly, the original sentence resulting from appellant's plea bargain is neither modified nor enhanced by the sexual predator classification." McKinney, Clinton App. No. CA2001-04-013, at 3-4 (emphasis added).
 {¶ 14} Appellant suggests that our prior decision does not preclude his current arguments under the principle of res judicata. He claims our previous decision in Case No. CA2001-04-013 dealt with the issue of whether the sexual predator proceedings violated his plea agreement, whereas he now submits that the sexual predatorclassification violates his plea agreement by "modifying his sentence." This argument is simply a distinction without a difference.
 {¶ 15} Appellant ignores the plain language of our prior decision in which we clearly stated that appellant's status as a sexual predator did not modify or enhance the original sentence resulting from the plea agreement. The claim for relief in appellant's second petition has already been decided and the trial court correctly dismissed the petition on the basis of res judicata. See State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304; State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, syllabus.
 {¶ 16} Accordingly, appellant's first and second assignments of error are hereby overruled.
 {¶ 17} In his third assignment of error, appellant argues that the trial court erred by not granting his motion to supplement his second petition for postconviction relief.
 {¶ 18} Appellant sought to amend his petition by adding a letter from the adult parole authority. The letter, suggesting that appellant's sentence is being continued to 2011, contains no indication that appellant's sentence has been enhanced, changed, or otherwise modified as a result of his classification as a sexual predator. Appellant's sentence is still within the range originally imposed in 1995. Consequently, the trial court did not err by denying appellant's request to supplement his second petition for postconviction relief. Such decision was clearly within the trial court's discretion under the circumstances.
 {¶ 19} The third assignment of error is hereby overruled.
 {¶ 20} Judgment affirmed.
POWELL and YOUNG, JJ., concur.
[1] {¶ a} Under Civ.R. 15(E), a party, with permission of the court, may file a supplemental pleading setting forth transactions, occurrences or events which have happened since the date of the pleading sought to be supplemented.
{¶ b} The letter from a parole board officer, written after appellant's second petition was filed, appears to advise appellant that a hearing panel had denied appellant's request for parole and "continued [appellant] to 6/2011."