This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Lynn George Curtis, Jr., appeals the decision of the Medina County Court of Common Pleas. This Court affirms.
 I.
{¶ 2} Appellant was charged with two counts of rape in violation or R.C. 2907.02. Appellant pled no contest. The trial court found appellant guilty and sentenced him accordingly. The trial court sentenced appellant to four years imprisonment for each count and ordered the sentences to be served concurrently. Appellant was granted credit for four hundred and three days already served.
{¶ 3} Appellant did not directly appeal either his conviction or his sentence. Instead, after serving his prison term, appellant filed a motion to terminate post release control. In his motion to terminate, appellant argued that he had not been advised by the trial court on the record that post-release control would be imposed after he completed his prison term. Appellee, the State of Ohio, filed a motion in opposition to appellant's motion. In its motion in opposition, the State argued that the trial court's journal entry dated December 31, 1998, explicitly stated that post-release control of up to five years under R.C. 2967.28 was a part of appellant's sentence. The trial court denied appellant's motion to terminate post-release control.
{¶ 4} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR BY FAILING TO ADVISE APPELLANT AT EITHER THE TIME OF PLEA OR SENTENCING, THAT POST-RELEASE CONTROL WAS A PART OF APPELLANT'S SENTENCE, THEREBY PRECLUDING IMPOSITION OF THE SAME BY THE ADULT PAROLE AUTHORITY."
{¶ 6} In his sole assignment of error, appellant argues that the trial court erred by not verbally informing him at his sentencing hearing that post-release control was a part of his sentence.
{¶ 7} Initially, this Court notes appellant was sentenced on December 31, 1998. Thus, his time to file a direct appeal as of right from his conviction and sentence, pursuant to App.R. 4, expired on February 1, 1999. Appellant, however, did not challenge his sentence on direct appeal. Appellant filed nothing in this case until his January 2, 2002 motion to terminate post-release control.
{¶ 8} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raisedor could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis sic.) State v. Szefcyk (1996), 77 Ohio St.3d 93, 95 quotingState v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
{¶ 9} The record reveals that appellant was represented by counsel at the time he pleaded guilty to the charges against him and was sentenced. The argument that he has attempted to raise in his appeal could have been made to the trial court before or at his sentencing and pursued upon direct appeal. In view of that, he was barred by the doctrine of res judicata from pursuing it on appeal.
 III.
{¶ 10} Accordingly, appellant's sole assignment of error is overruled. For the foregoing reasons, the judgment of the trial court is affirmed, albeit for different reasons than expressed by that tribunal.
SLABY, P.J., BAIRD, J. CONCUR.