[Cite as *State v. Latham*, 2012-Ohio-4576.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 12CA00004 |
| MAURICE LATHAM | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     HB 86

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     September 27, 2012

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| DANIEL G. PADDEN | MAURICE D. LATHAM |
| Guernsey County Prosecuting Attorney | D.R.C. No. 567-385 |
| 139 West 8th Street | Southeastern Correctional Inst. |
| P.O. Box 640 | 5900 B.I.S. Road |
| Cambridge, Ohio 43725-0640 | Lancaster, Ohio 43130 |

*Hoffman, P.J.*

{¶1} Appellant, Maurice Latham, appeals the trial court's denial of his motion for resentencing based upon H.B. 86.

{¶2} On November 6, 2007, Appellant entered pleas of guilty to a Bill of Information containing one count of Possession of Powder Cocaine and one count of Possession of Crack Cocaine. Further, Appellant pled guilty to the accompanying specifications resulting in the forfeiture of $66,250.00 in cash. Appellant was sentenced to a term of five years in prison on each count of Possession of Cocaine ordered served consecutive to one another for a total term of ten years in prison.

{¶3} The sentencing reforms contained in H.B. No. 86 eliminated any distinction between crack cocaine and powder cocaine, and lowered several cocaine thresholds. The effective date of the reforms was September 30, 2011. Appellant was sentenced on December 14, 2007, prior to the effective date of the reforms.

{¶4} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating the within appeal was wholly frivolous and setting forth one proposed Assignments of Error. Appellant filed a pro se brief raising four proposed Assignments of Error:

I.

{¶5} "APPELLANT MUST BE RESENTENCED BECAUSE HOUSE BILL 86 ELIMINATED THE DIFFERENTCE (SIC) IN SENTENCING FOR POSSESSIN (SIC) OF COCAINE AND CRACK-BASED COCAINE."

II.

**{¶6}** "TRIAL COURTS ERRED BY DENYING THE ABPELLANTS (SIC) MOTION VIA DOUBLED (SIC) JEOPARDY UNDER THE CURRENT SENATE BILL 86 PROVISIONS, CONCERNING THE CRACK COCAIN SENTENCING."

III.

**{¶7}** "TRIAL COURTS ABUSED THEIR DISCRETION WHEN NOT REVIEWING THE CONSECUTIVE SENTENCING ON OFFENSES UNDER THE SAME SUBSECTION AND OHIO REV. CODE 2925.11(C)(4)."

IV.

**{¶8}** "TRIAL COURTS FAILED TO PROPERLY CONSIDER THE GRANTING OF OHIO REV. CODE 2929.51 (SENTENCE MODIFICATION) VIA SENATE BILL 86."

V.

**{¶9}** "TRIAL COURTS LACKED SUFFICIENT EVIDENCE TO CONVICT THE DEFENDANT OF A SECOND DEGREE POSSESSION OF CRACK COCAINE VIA OHIO REV. CODE 2925.11(A) LOCKED TRUNK."

**{¶10}** In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he [or she] should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his [or her] request with a brief identifying anything in the record that could arguably support his [or her] client's appeal. *Id.* Counsel also must: (1) furnish his [or her] client with a copy of the brief and request to withdraw; and, (2) allow his [or her] client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must

fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

{¶11} Counsel in this matter has followed the procedure in *Anders v. California (1967), 386 U.S. 738.* We find the appeal to be wholly frivolous and grant counsel's motion to withdraw. For the reasons which follow, we affirm the judgment of the trial court.

I.,II.,III., and IV.

{¶12} In his first four assignments of error, Appellant raises the same issue wherein he essentially argues he was entitled to have the provisions of H.B. 86 applied to his sentence.

{¶13} This Court has previously held the provisions of H.B. 86 are not retroactive and are not a basis for resentencing. "Contained within H.B. 86 at Section 4 is the specific legislative intent not to make the changes retroactive:

{¶14} 'The amendments* * *apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58(B) of the Revised Code makes the amendments applicable.'

{¶15} R.C. 1.58(B) provides: 'If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.'

**{¶16}** Based upon the statutory provisions, we find the trial court did not err in denying Appellant's motion for sentence modification." *State v. Fields* 2011 WL 5855008, 1 (Ohio App. 5 Dist.).

**{¶17}** Appellant is not entitled to resentencing under H.B. 86 because the statute does not retroactively apply to those offenders who were sentenced prior to the enactment of the statute. For this reason, Appellant's first four assignments of error are overruled.

V.

**{¶18}** In his fifth assignment of error, Appellant argues the trial court lacked sufficient evidence to convict him of Possession of Crack Cocaine. Appellant is appealing the denial of a motion for resentencing relative to H.B. 86. The issue raised in the instant Assignment of Error relates to the initial conviction which is not currently before this Court.

**{¶19}** Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from that judgment. *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 95 (Emphasis added).

**{¶20}** We find Appellant's argument is barred by the doctrine of res judicata because Appellant could have raised the issue in a direct appeal of his initial conviction. For this reason, Appellant's fifth assignment of error is overruled.

**{¶21}** For these reasons, after independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Guernsey County Court of Common Pleas.

By: Hoffman, P.J.

Wise, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise _____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MAURICE LATHAM | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12CA00004 |

For the reasons stated in our accompanying Opinion, we find this appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Guernsey County Court of Common Pleas. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ John W. Wise _____
HON. JOHN W. WISE

s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS