[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 93.]

THE STATE OF OHIO, APPELLANT, *v*. SZEFCYK, APPELLEE.

[Cite as *State v. Szefcyk*, 1996-Ohio-337.]

*Criminal law—Res judicata—Doctrine bars convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defnese that was raised or could have been raised by defendant at trial.*

————————————

Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. (*State v. Perry* [1967], 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus, approved and followed; *State v. Westfall* [1995], 71 Ohio St.3d 565, 645 N.E.2d 730, disapproved.)

————————————

(No. 95-1134—Submitted September 24, 1996—Decided November 13, 1996.)

APPEAL from the Court of Appeals for Lorain County, No. 94CA005928.

————————————

{¶ 1} On March 15, 1991, appellee, Walter F. Szefcyk, while operating a truck, struck and killed Philip Lichtcsien, who was riding a bicycle. A jury convicted Szefcyk of involuntary manslaughter in violation of R.C. 2903.04(B), an aggravated third-degree felony; vehicular homicide, in violation of R.C. 2903.07, a first-degree misdemeanor; leaving the scene of an accident, in violation of R.C. 4549.02, a first-degree misdemeanor; reckless operation, in violation of R.C. 4511.20, a minor misdemeanor; failure to drive within assured clear distance, in

violation of R.C. 4511.21(A), a minor misdemeanor; and improper passing, in violation of R.C. 4511.27(A), a minor misdemeanor. The involuntary manslaughter conviction was predicated upon the minor misdemeanor traffic violations. Szefcyk was sentenced to four to ten years' imprisonment.

{¶ 2} Appellee timely appealed his involuntary manslaughter conviction, alleging, *inter alia*, that a minor misdemeanor cannot serve as the underlying predicate offense to support a conviction under R.C. 2903.04(B). The Ninth District Court of Appeals affirmed appellee's conviction. *State v. Szefcyk* (Jan. 6, 1993), Lorain App. No. 92CA005340, unreported.

{¶ 3} Appellee appealed to this court and jurisdiction was denied. *State v. Szefcyk* (1993), 66 Ohio St.3d 1489, 612 N.E.2d 1245.

{¶ 4} Subsequently, appellee filed a petition for postconviction relief in the trial court, which was denied. Appellee appealed the denial of the postconviction relief petition to the Ninth District Court of Appeals, which reversed and set aside the involuntary manslaughter conviction (*State v. Szefcyk* [1995], 104 Ohio App.3d 118, 661 N.E.2d 233), relying on this court's decisions in *State v. Collins* (1993), 67 Ohio St.3d 115, 616 N.E.2d 224, and *State v. Westfall* (1995), 71 Ohio St.3d 565, 645 N.E.2d 730.

{¶ 5} The cause is now before the court upon the allowance of a discretionary appeal.

—————————

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Jonathan E. Rosenbaum,* Assistant Prosecuting Attorney, for appellant.

*Bradley & Giardini Co., L.P.A.,* and *Jack W. Bradley,* for appellee.

—————————

**ALICE ROBIE RESNICK, J.**

**{¶ 6}** This case provides us with an opportunity to revisit our recent summary decision in *State v. Westfall* (1995), 71 Ohio St.3d 565, 645 N.E.2d 730.

**{¶ 7}** The facts of that case, as set forth in the court of appeals' opinion, indicate that Westfall pled no contest and was found guilty of two counts of involuntary manslaughter, two counts of negligent assault, one count of driving under a suspended license, and one count of failure to operate his vehicle within marked lanes. The latter offense, a minor misdemeanor, was the predicate offense to the involuntary manslaughter counts. Westfall timely appealed his conviction, contending that a conviction for involuntary manslaughter pursuant to R.C. 2903.04(B) cannot be predicated upon a minor misdemeanor. The Ninth District Court of Appeals affirmed his conviction. *State v. Westfall* (July 31, 1991), Summit App. No. 14930, unreported. Westfall appealed that decision to this court and jurisdiction was denied. *State v. Westfall* (1991), 62 Ohio St. 3d 1475, 581 N.E.2d 1097.

**{¶ 8}** Subsequent to our decision denying jurisdiction in *Westfall,* the Court of Appeals for Miami County certified the identical issue for review by this court, that is, whether pursuant to R.C. 2903.04(B) a minor misdemeanor can be the predicate offense to a charge of involuntary manslaughter. This court, in affirming the court of appeals, held at the syllabus:

"A minor misdemeanor may not serve as the underlying predicate offense for purposes of the involuntary manslaughter statute, R.C. 2903.04(B)." *State v. Collins* (1993), 67 Ohio St.3d 115, 616 N.E.2d 224.[1]

---

1. After this court decided *Collins*, the Ohio General Assembly, effective September 29, 1994, amended R.C. 2903.04(B) to read as follows:

"No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a misdemeanor of the first, second, third, or fourth degree or a minor misdemeanor." (145 Ohio Laws, Part III, 5117.)

**{¶ 9}** After *Collins* was announced, Westfall filed a petition for postconviction relief, which was granted by the trial court. The state appealed that decision to the court of appeals. The Ninth District Court of Appeals, in *State v. Westfall* (Sept. 28, 1994), Summit App. No. 16663, unreported, reversed the trial court, relying upon *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus:

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis *sic*.)

**{¶ 10}** This court, in *State v. Westfall* (1995), 71 Ohio St.3d 565, 645 N.E.2d 730, allowed the discretionary appeal, summarily reversed the judgment of the court of appeals, and reinstated the judgment of the trial court on authority of *State v. Collins*.

**{¶ 11}** In the case *sub judice*, the appellee filed a direct appeal, urging reversal of his involuntary manslaughter conviction, arguing that the trial court erred in allowing a minor misdemeanor to support a conviction of involuntary manslaughter. The court of appeals affirmed his conviction. This court denied jurisdiction. The appellee in this case fully litigated that issue. He cannot now come before this court and relitigate it simply because of a subsequent decision of this court. There is no merit to appellee's claim that *res judicata* has no application where there is a change in the law due to a judicial decision of this court. *Res judicata* is applicable in all postconviction relief proceedings. Our holding today underscores the importance of finality of judgments of conviction. "'[P]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be

considered forever settled as between the parties.' [Citation omitted.] We have stressed that '[the] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, "of public policy and of private peace," which should be cordially regarded and enforced by the courts. ***' [Citation omitted.]" *Federated Dept. Stores, Inc. v. Moitie* (1981), 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103, 110-111.

{¶ 12} We, therefore, reaffirm our holding in *Perry* that a convicted defendant is precluded under the doctrine of *res judicata* from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment. We approve of and follow paragraph nine of the syllabus of *State v. Perry, supra*. To the extent that *State v. Westfall, supra*, 71 Ohio St.3d 565, 645 N.E.2d 730, implies that *Perry* is no longer good law, we disapprove of that result.

{¶ 13} The judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, YOUNG and STRATTON, JJ., concur.

JOHN C. YOUNG, J., of the Tenth Appellate District, sitting for COOK, J.

_____