DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Ronald J. Wozniak has appealed from a judgment of the Lorain County Common Pleas Court that denied his petition for postconviction relief. He has argued that, at the time he was sentenced, he was denied certain rights under the Ohio and United States Constitutions because, although he was sentenced after the effective date of Senate Bill 2, he was not given an opportunity to "elect" to be sentenced pursuant to its provisions. This Court affirms the judgment of the trial court based upon the doctrine ofres judicata.
 I.
On March 27, 1996, defendant was indicted on a number of charges including rape, gross sexual imposition, and corruption of a minor. The charges in the indictment were based on incidents that allegedly took place over a number of years, some dating back to as early as 1988. On October 28, 1996, defendant pleaded no contest to the charges in the indictment, and, on January 27, 1997, the trial court sentenced him. Defendant did not appeal. On February 18, 1997, he filed a petition for postconviction relief in the trial court. The trial court denied his petition on February 24, 1997, without a hearing. Defendant timely appealed the denial of his petition for postconviction relief to this Court.
 II.
Defendant's sole assignment of error is that, at the time he was sentenced, he was denied certain rights under the Ohio and United States Constitutions because, although he was sentenced after the effective date of Senate Bill 2, he was not given an opportunity to "elect" to be sentenced pursuant to its provisions. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus. The record reveals that defendant was represented by counsel at the time he pleaded no contest to the charges against him and at the time he was sentenced. The argument that he has attempted to raise by his petition for postconviction relief could have been made to the trial court before or at his sentencing and pursued upon direct appeal. In view of that, he was barred from pursuing it through a petition for postconviction relief. Accordingly, defendant's assignment of error is overruled based upon the doctrine of res judicata.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
SLABY, P. J.
BAIRD, J., CONCUR