OPINION
Defendant Rufus Grier appeals a judgment of the Court of Common Pleas of Richland County, Ohio, overruling his motion to withdraw his plea of no contest on one count of rape in violation of R.C. 2907.02, originally entered on October 4, 1995. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 1. THE TRIER OF FACT, ERRS "HARMFULLY" TO THE APPELLANT IN FACT AND LAW, (AS PERTAINS), (MEMORANDIZED), WITHOUT SAID ERRORS, THE "DUE PROCESS" WOULD BE DIFFERENT: THUS IT IS ALLEGED THAT THE ERRORS, (OF THE COURT), RISE TO ONE OF SUBSTANTIAL," DENIAL OF FUNDAMENTAL-FAIRNESS, (CREATING), "MANIFEST INJUSTICE".
 II. "HARMFUL" "INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, (WHERE), NO CHANCE TO APPEAL FURTHER, (OCCURS) BECAUSE THE COURT ALSO ERRS, TO ADVISE THE APPELLANT PROPERLY UNDER CRIM. R. 11(C)(2).
The record does not demonstrate any transcript was ever filed with the court. The parties argue appellant agreed to plead no contest to a reduced charge, but wished to have some time before he reported for incarceration, although our record is silent on this point. Appellant and the State appear to agree the court permitted him to do so only by pleading guilty to the charge of rape, with the understanding when he returned for sentencing, the court would permit appellant to withdraw the plea and enter a plea to the lesser charge. Apparently some problems developed pending sentencing, and the court refused to permit appellant to withdraw his guilty plea to the rape charge.
Thereafter, appellant filed a direct appeal, which was dismissed sua sponte by this court on May 28, 1996, for want of prosecution. In July of 1996, this court overruled appellant's motion for leave to file a delayed appeal and his application for reconsideration. On November 5, 1996, this court reconsidered its judgment, and granted appellant leave to file a delayed appeal. However, on May 14, 1997, this court again dismissed the appeal for want of prosecution and later overruled his motion for reconsideration of our dismissal.
On October 27, 1997, appellant filed a motion to withdraw his plea in the trial court. The court overruled his motion and appellant comes before this court yet again to attack his plea.
In State v. Szefcyk (1996), 77 Ohio St.3d 93, the Ohio Supreme Court found the doctrine of res judicata bars a convicted defendant who is represented by counsel from collaterally attacking his conviction. Any defense involving claimed lack of due process which was raised or could have been raised on appeal may not be raised in any other proceedings.
As the State points out, appellant was before this court on numerous occasions, and did not take advantage of the opportunities to bring these matters to the attention of the court.
We find the doctrine of res judicata bars appellant from bringing his challenges to his 1995 conviction. Furthermore, the absence of a record requires we assume the regularity of the proceedings in the trial court.
Both the assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland county, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.