OPINION
Defendant, Jonathan Walls, appeals from judgments entered by the court of common pleas which overruled his motion for resentencing in accordance with Senate Bill 2 and his motion for reconsideration in that regard.
On April 26, 1996, Defendant was indicted on two counts of rape and one count of felonious sexual penetration. Defendant subsequently entered a plea of no contest to the felonious sexual penetration charge in exchange for a dismissal of the two rape charges. He was convicted on his plea. On July 15, 1996, Defendant was sentenced to six to fifteen years imprisonment.
No direct appeal was taken from the Defendant's conviction and sentence. On January 20, 1999, Defendant filed a motion asking the court to resentence him in accordance with Senate Bill 2. Defendant argued that he is entitled to the reduced sentencing provisions which took effect when S.B. 2 became law on July 1, 1996 because, although Defendant's offense was committed prior to that date, he was not sentenced for his crime until after.
On January 21, 1999, the trial court overruled Defendant's motion for resentencing. On January 28, 1999, Defendant filed a motion for reconsideration, which the trial court ordered struck from the record on February 22, 1999. This appeal followed.
In his pro se appellate brief, Defendant attempts to raise many diverse claims simply by mentioning them, including judicial bias, ineffective assistance of counsel, and police and prosecutorial misconduct. Those claims depend upon evidence de hors the record, and thus are more appropriately presented via a petition for post-conviction relief filed pursuant to R.C.2953.21. Other claims which Defendant raises by mere reference include the sufficiency of the indictment and the weight and sufficiency of the evidence. Those claims clearly could have been raised on direct appeal, and therefore the doctrine of resjudicata now precludes them as grounds for post-conviction relief.State v. Szefcyk (1996), 77 Ohio St.3d 93; State v. Perry (1967),10 Ohio St.2d 175.
The only issue presently before this court which arises out of Defendant's appeal from the trial court's decision overruling both his motion for resentencing and his motion for reconsideration in that same regard is whether Defendant is entitled to be resentenced for his offense in accordance with S.B. 2 because he was not sentenced until after July 1, 1996, the date on which S.B. 2 became effective. This precise claim was considered and rejected by the Ohio Supreme Court in State v. Rush
(1998), 83 Ohio St.3d 53, which held that S.B.2 does not apply unless the offense for which sentence is imposed was committed after the effective date of S.B.2. Walls' offense was committed prior to that date. Therefore, the trial court did not err when it overruled his motions.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
James D. Bennett, Esq.
Jonathan Walls
Hon. Robert J. Lindeman