JUDGMENT ENTRY
This cause is an accelerated appeal in which defendant-appellant, Gerald Washburn, appeals the decision of the Clermont County Court of Common Pleas denying his petition for postconviction relief ("PCR").
Appellant pled guilty and was sentenced in June 2000 on the amended charge of voluntary manslaughter for the shooting death of a man in 1981. No appeal was taken.
Appellant timely filed a petition for postconviction relief on December 19, 2000, asserting errors with the plea and ineffective assistance of counsel associated with the plea. Appellant also filed a motion for leave of court to supplement his original postconviction motion with additional argument within the time frame to timely file a PCR.
The trial court issued a judgment entry with its findings on January 31, 2001, denying the petition for relief on the original issues raised by appellant. The trial court was silent on appellant's motion for leave to supplement. Appellant did not appeal the trial court's denial of his PCR.
The trial court issued another judgment entry with findings on June 11, 2001. In this entry, the trial court denied appellant's motion for leave to supplement, but treated the motion as a "properly-filed" successive petition for postconviction relief. The trial court proceeded to deny this successive petition for PCR.
Proceeding pro se, appellant filed an appeal and presented one assignment of error. In this appeal, appellant commingles arguments he presented in both petitions for relief. Due to the unique circumstances of the procedural history of this case, we will consider the merits of the arguments presented by appellant in his PCR and supplement.
It is difficult to discern from appellant's brief and petition the exact nature of his claimed constitutional errors. We will construe appellant's arguments to cover three general areas. Appellant argues that there was no factual basis for his guilty plea, that his trial counsel rendered ineffective assistance, and that there was a breach of the plea agreement for failing to advise appellant about parole guidelines utilized by the Adult Parole Authority ("APA").
First, we note that a defendant [appellant] is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment. State v. Szefcyk, 77 Ohio St.3d 93, 95, 1996-Ohio-337.
The exception to res judicata exists where the petitioner presents competent, relevant and material evidence dehors the record that was not available to the petitioner in time to support the direct appeal.
We have reviewed the entire record, affidavits, and documents provided by appellant. Appellant's arguments concerning the factual basis of his plea can be determined by the record and could have been raised on appeal. Those claims are, therefore, res judicata and appellant's assignment of error as it pertains to those issues is overruled.
In addition, appellant argues that his trial counsel was ineffective for several reasons associated with the plea. A guilty plea waives the right to claim that one was prejudiced by constitutionally ineffective assistance of counsel except where it rendered the plea less than knowing and voluntary. State v. Beagle (Mar. 1, 1999), Madison App. No. 98-03-017.
Again, res judicata may also apply to ineffective assistance of counsel, but an exception to the general rule of res judicata exists when an appellant raises the claim of ineffective assistance of counsel and
relies on evidence dehors the record (emphasis added). Id. To overcome res judicata, the evidence dehors the record must show that appellant could not have appealed the constitutional claim based upon information in the original trial record. State v. McCoy (Mar. 2, 1998), Clermont App. Nos. 97-03-027, 032.
In a claim for ineffective assistance of counsel with a guilty plea, the appellant carries the burden of demonstrating the lack of competent counsel and that it is reasonably probable that he would not have pled guilty, but for counsel's errors. State v. Beagle.
Upon review of the record, we find that appellant's ineffective assistance claims for the factual basis of the plea, the self defense strategy, appellant's prescription drug use and mental stability issues, the alleged option for sentencing under the 1995 Criminal Sentencing Act, and other sentence mitigation issues could have been appealed upon the original trial record. It is not necessary to rely upon evidence dehors the record. These claims are, therefore, res judicata. Further, there is a lack of evidence to substantiate appellant's claim that his counsel was ineffective for the asserted reasons.
Appellant also argues that his constitutional rights were violated by ineffective counsel and the actions of the trial court when he was not advised during the plea about the parole guidelines to be utilized by the APA.
The APA's role in evaluating parole is in the nature of a collateral, not a direct consequence of a plea. State v. Wombold (Jan. 26, 2001), Montgomery App. No. 18428. As a result, neither the court nor appellant's attorney had a duty under Crim.R. 11 to inform appellant of this type of consequence of his plea. Id.; see Crim.R. 11.
Since there was no duty on appellant's counsel concerning the APA guidelines at the plea hearing, appellant has not shown that his counsel's representation was ineffective or that the trial court violated his constitutional rights while taking the plea.
Accordingly, we overrule appellant's assignment of error and affirm the trial court's judgment denying appellant's petitions for postconviction relief.
Judgment affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Stephen W. Powell, Presiding Judge, William W. Young, Judge, and Anthony Valen, Judge, concur.