OPINION
{¶ 1} For the second time, this court is asked to review a decision of the Preble County Court of Common Pleas dismissing a petition for postconviction relief filed by defendant-appellant, Ronald Cripps. Once again, we affirm the dismissal of appellant's petition.
 {¶ 2} A jury convicted appellant of rape and two counts each of corruption of a minor and use of a minor in a nudity-oriented material or performance. Appellant's convictions were affirmed on direct appeal.State v. Cripps (Sept. 8, 1998), Preble App. No. CA97-12-031.
 {¶ 3} In 1999, appellant filed his first petition for postconviction relief, claiming, among other things, that incriminating statements were obtained in violation of his Miranda rights. The trial court dismissed appellant's petition and this court affirmed, finding that appellant failed to timely file his petition under R.C. 2953.21(A)(2) and likewise failed to satisfy the statutory exceptions in R.C. 2953.23
for filing beyond the 180-day limit. See State v. Cripps (Sept. 7, 1999), Preble App. No. CA99-05-013.[1]
 {¶ 4} On October 18, 2001, appellant filed a "Motion Due to Sentence Mistake in the Charging Offense!" which the trial court construed as a second petition for postconviction relief. The trial court concluded that appellant failed to justify filing his petition beyond the 180-day limit and denied the requested relief. This appeal followed and appellant presents two assignments of error for review.
 {¶ 5} In his first assignment, appellant claims the trial court erred by not vacating his conviction and sentence as his constitutional right against self-incrimination was violated when the police failed to inform him of his Miranda rights when he made a statement.
 {¶ 6} We initially note that in a 1997 decision denying appellant's motion to suppress, the trial court concluded that appellant was not in "custody" when he provided a statement to police and was not entitled to be advised of his Miranda rights. This ruling went unchallenged on direct appeal.
 {¶ 7} Further, appellant cannot comply with the statutory requirements for timely filing a petition for postconviction relief, as the petition currently before this court was filed three and one-half years after the statutory time limit expired. See State v. Cripps, Preble App. No. CA99-05-013, at 3. Appellant submits, however, that the trial court must consider his petition notwithstanding its untimely nature since "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [appellant's] situation, and the petition asserts a claim based on that right." See R.C.2953.23(A)(1)(b).
 {¶ 8} In support thereof, appellant relies upon the Supreme Court's decision in Dickerson v. United States (2000), 530 U.S. 428,120 S.Ct. 2326, which he claims mandates that, in the absence of Miranda
warnings, no statement may be used against an individual, and that this decision recognizes a "new federal right" which applies to him. We disagree.
 {¶ 9} In Dickerson, the Supreme Court held that Miranda's
warning-based approach to determining the admissibility of statements made by an accused during custodial interrogation was constitutionally based. This constitutional protection, the court noted, could not be overruled by Congress' subsequent enactment of Section 3501, Title 18, U.S. Code, which, in essence, made the admissibility of custodial statements turn solely on whether they were made voluntarily, not whether they were preceded by Miranda warnings.
 {¶ 10} We reject the claim that Dickerson creates or recognizes a new federal or state right entitling appellant to have his untimely filed petition considered under R.C. 2953.23(A)(1)(b). Dickerson simply eliminates any questions as to whether Miranda's constitutionally-based protections may be modified by legislative action. It recognizes no new federal or state rights.
 {¶ 11} Regarding the second assignment of error, appellant argues he was forced into making an involuntary statement to police. However, as previously noted, the trial court overruled appellant's motion to suppress, concluding that appellant was not in custody at the time he made statements to police and that Miranda warnings were not required. Since this issue has already been presented, considered, and ruled upon, appellant cannot now raise the matter in another petition for postconviction relief. See State v. Reynolds, 79 Ohio St.3d 158,1997-Ohio-304; State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337, syllabus.
 {¶ 12} Having found no merit to either argument, appellant's two assignments of error are hereby overruled.
 {¶ 13} Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.
[1] The transcript of proceedings in appellant's direct appeal was filed on January 13, 1998. R.C. 2953.21(A)(2) requires a petition for postconviction relief to be filed no later than 180 days after the transcript of proceedings is filed in the court of appeals. Petitions filed beyond the 180-day limit may only be considered when, among other things, the petitioner demonstrates that the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that right. See R.C. 2953.23(A)(1) and (2).