[Cite as *State v. Bunger*, 2012-Ohio-946.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. CT2011-0049 |
|  | : |  |
|  | : |  |
| TERRY R. BUNGER | : | O P I N I O N |
| Defendant-Appellant |  |  |


CHARACTER OF PROCEEDING:            Criminal Appeal from Muskingum
                                    County Court of Common Pleas Case
                                    No. CT2005-0060

JUDGMENT:                           Affirmed

DATE OF JUDGMENT ENTRY:             March 7, 2012

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT SMITH                              TERRY R. BUNGER
Assistant Prosecuting Attorney            P.O. Box 4501
27 North Fifth Street                     Lima, Ohio  45802
Zanesville, Ohio  43701

*Edwards, J.*

{¶1} Appellant, Terry R. Bunger, appeals a judgment of the Muskingum County Common Pleas Court dismissing his complaint for specific performance. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} On March 3, 2005, appellant was indicted by the Muskingum County Grand Jury with one count of rape in violation of R.C. 2907.02(A)(1)(b). The indictment alleged that the victim was three years old. On January 3, 2006, appellant agreed to enter a plea of guilty to an amended charge of attempted rape in violation of R.C. 2923.02(A) and R.C. 2907.02(A)(1)(b). The parties agreed to recommend a sentence of eight years incarceration. On February 10, 2006, the court sentenced appellant to a term of incarceration of eight years and classified him as a sexual predator. This Court affirmed on appeal.

{¶3} Appellant was resentenced on May 7, 2010, to include a term of postrelease control. Appellant filed an appeal from this judgment and this Court affirmed.

{¶4} On August 10, 2011, appellant filed a complaint for specific performance. In this complaint, he asked that the language "victim less than ten (10) years of age" be stricken from his sentencing entry and various other documents filed in the case, because he entered a plea of guilty to R.C. 2907.02(A)(1)(b), which specifies that the victim is under thirteen years of age. The trial court dismissed the complaint for specific performance.

{¶5}   Appellant filed a notice of appeal to this Court.  He has failed to identify an assignment of error as required by App. R. 16(A)(3).  However, it appears from his brief that appellant argues that the court erred in failing to change the language in his sentencing entry from identifying the victim as less than ten years of age to the statutory language of less than thirteen years of age.

{¶6}   Appellant filed a direct appeal from both his original sentencing entry and his resentencing entry, yet he failed to raise a claim that the language of the entry did not properly reflect the language of the statute to which he entered a plea.  Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment.  *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233, 1996-Ohio-337, syllabus.  Appellant was represented by counsel in his direct appeal from his sentencing in 2006 and on direct appeal from his resentencing in 2010, yet failed to raise this claimed error.  His claim is now barred by res judicata.

{¶7}   In addition, the record reflects that although the judgment entry of resentencing refers to the plea as one to a charge of attempted rape where the victim was under the age of ten rather than thirteen as set forth in the statute, the entry properly reflects the correct Revised Code section to which appellant entered his 2006 plea, and the sentence of eight years was the sentence agreed to by the parties in the plea agreement.  The typographical error in the entry does not in any way affect

appellant's conviction or sentence, and the record reflects that the victim is in fact three years of age.

**{¶8}** The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Farmer J. concur

_____

_____

_____

JUDGES

[Cite as *State v. Bunger*, 2012-Ohio-946.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
          Plaintiff-Appellee          :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
TERRY R. BUNGER                        :
                                       :
          Defendant-Appellant         :          CASE NO. CT2011-0049


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.


                               _____


                               _____


                               _____

                                          JUDGES