[Cite as *Harper v. Harper*, 2013-Ohio-5413.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TINA L. HARPER | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2013 AP 06 0026 |
| HENRY HARPER | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2013TC020087 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 9, 2013 |
| APPEARANCES: | |

| | |
|---|---|
| For Defendant-Appellant | For Plaintiff-Appellee |
| HENRY HARPER, PRO SE<br>Bellmont Correctional Inst. - A638-859<br>P.O. Box 540, 68518 Bannock Road<br>St. Clairsville, Ohio 43950 | MICHAEL C. JOHNSON<br>Johnson, Urban & Range Co. LPA<br>P.O. Box 1007, 117 South Broadway<br>New Philadelphia, Oio 44663 |

*Hoffman, P.J.*

{¶1} Defendant-appellant Henry Harper appeals the May 29, 2013 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which overruled his objections to the magistrate's May 1, 2013 decision, and approved and adopted said decision as order of the court. Plaintiff-appellee is Tina L. Harper.[1]

STATEMENT OF THE CASE AND FACTS

{¶2} Appellant and Appellee were married on September 2, 1995. Three sons were born of the union, one of whom is now emancipated. On February 26, 2013, Appellee filed a Complaint for Divorce in the Tuscarawas County Court of Common Pleas, alleging as grounds gross neglect of duty, extreme cruelty, and the parties having lived separate and apart continuously for more than one year. Appellant had been incarcerated since May, 2010. Appellant filed a pro se answer on March 20, 2013

{¶3} The matter came on for trial on May 1, 2013. The magistrate issued her decision the same day, recommending Appellee be granted a divorce from Appellant on the ground of Appellant's incarceration in a State penal institution. Appellant filed timely objections to the magistrate's decision. Specifically, Appellant objected to the magistrate's granting Appellee a divorce based upon his incarceration. Appellant argued his incarceration was "wrongful, unlawful, and unconstitutional"; therefore such should not be grounds upon which to grant the divorce.

{¶4} Via Judgment Entry filed May 29, 2013, the trial court overruled Appellant's objections, and approved and adopted the magistrate's decision as order of the court.

---

[1] Appellee has not filed a brief in this matter.

{¶5} It is from this judgment entry Appellant appeals, raising the following assignments of error:

{¶6} "I. THE FIFTH DISTRICT COURT OF APPEALS DENIED THE APPELLANT-DEFENDANT A FAIR OR PROPER APPEAL WHICH CAUSED THE APPELLANT-DEFENDANT TO BE INCARCERATED AT THE TIME OF THE FILING OF THE COMPLAINT AND THE PARTIES TO BE SEPARATED FOR OVER A YEAR.

{¶7} "II. THE TUSCARAWAS COUNTY COURT OF COMMON PLEAS COMMITTED ERROR IN OVERRULING THE APPELLANT-DEFENDANT'S MOTION TO CONTINUE DUE TOT HE (SIC) FACT THAT THE APPELLANT DEFENDANT IS UNCONSTITUTIONALL (SIC)  UNLAWFULLY, WRONGFULLY, AND ILLEGALLY INCARCERATED AND WAS NOT ABLE TO PROPERLY REPRESENT HIMSELF. THE TRIAL COURT COMPLETELY IGNORED THE APPELLANT-DEFENDANT'S MOTIONS AND THE CONTENTS."

I

{¶8} In his first assignment of error, Appellant maintains this Court denied him a fair or proper appeal which resulted in his being incarcerated at the time of the filing of Appellee's complaint for divorce.

{¶9} In *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, the Ohio Supreme Court held, "Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating *in any proceeding,* except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the

trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Id.* at syllabus. (Emphasis added.)

{¶10} Appellant filed a direct appeal from his conviction and sentence, which this Court affirmed in *State v. Harper*, Guernsey App. No. 2010–CA–44, 2011-Ohio-4568. Under the doctrine of res judiciata, we find Appellant is barred from attempting to reargue the validity of his conviction and sentence.

{¶11} Appellant's first assignment of error is overruled.

II

{¶12} In his second assignment of error, Appellant contends the trial court erred in denying his motion for a continuance. Appellant asserts because he is unconstitutionally, unlawfully, wrongfully, and illegally incarcerated, he was not able to properly represent himself.

{¶13} The decision to grant or deny a continuance is entrusted to the broad, sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Lemon v. Lemon,* Stark App. No.2010CA00319, 2011–Ohio–1878, citing *State v. Unger* (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078.

{¶14} In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to witnesses, opposing counsel, and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance, and other relevant factors, depending on the unique facts of each case. *Unger,* supra, at 67–68,

423 N.E.2d 1078. The reviewing court must also weigh the potential prejudice to the movant against the trial court's right to control its own docket. *In re Barnick,* Cuyahoga App. No. 88334, 2007–Ohio–1720, ¶ 10, quoting *Unger.*

**{¶15}** Upon review of the record, we find the trial court did not abuse its discretion in denying Appellant's request for a continuance.  Appellant was incarcerated as the result of his own actions.  Despite Appellant's assertions to the contrary, this Court found his conviction and sentence to be lawful and constitutional.

**{¶16}**  Appellant's second assignment of error is overruled.

**{¶17}** The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TINA L. HARPER | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HENRY HARPER | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2013 AP 06 0026 |

For the reasons stated in our accompanying Opinion, the judgment of the

Tuscarawas County Court of Common Pleas is affirmed.  Costs to Appellant.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY