[Cite as *State v. Pearce*, 2014-Ohio-3783.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                                      :

    Plaintiff-Appellee,                       :          CASE NO.   CA2013-12-091

    - vs -                                              :          O P I N I O N
                                      9/2/2014
                                           :

JAMES SHANNON PEARCE,                 :

    Defendant-Appellant.                    :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CR 00798


D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

The Farrish Law Firm, Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1}   Defendant-appellant, James Shannon Pearce, appeals his sentence from the

Clermont County Court of Common Pleas.

{¶ 2}   On November 15, 2012, appellant pled guilty to one count of possession of

criminal tools, one county of forgery and one count of telecommunications fraud.  On

December 20, 2012, appellant was sentenced for those crimes as well as the violation of

postrelease control stemming from prior convictions.

{¶ 3} On appeal, this court upheld appellant's conviction and sentence on the above-named offenses, but remanded the case to the trial court to correct a contradiction in the length of appellant's remaining postrelease control obligations. Following a hearing on November 25, 2013, the trial court resentenced appellant on the violation of postrelease control, imposing a sentence of 1,085 days for that violation.

{¶ 4} Appellant now appeals from that resentencing, raising a single assignment of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW BY SENTENCING APPELLANT TO SERVE 1,085 DAYS FOR A POST-RELEASE CONTROL VIOLATION.

{¶ 7} Within this assignment of error, appellant raises two arguments: (1) the trial court erred in failing to make findings as to why appellant was given the maximum sentence; and (2) the trial court erred in the calculation of the days appellant had remaining on postrelease control.

{¶ 8} With regard to appellant's first argument, that the trial court erred in failing to provide the basis for imposing the maximum sentence, we find that argument is barred by the doctrine of res judicata. The doctrine of res judicata provides that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment." S*tate v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus.

{¶ 9} Appellant had the opportunity on direct appeal to argue that the trial court erred

in failing to provide its reasoning when imposing a maximum sentence. He failed to do so, and now attempts to raise that argument on appeal from a resentencing entry that was limited to calculating the correct length of appellant's postrelease control obligations. Accordingly, appellant's argument is barred by the doctrine of res judicata.

{¶ 10} Appellant's second argument alleges that the trial court failed to grant appellant credit for the period of time between his sentencing on December 20, 2012, and the date he was actually delivered to the Ohio Department of Rehabilitation and Correction. In addition, appellant argues that he may have been entitled to a credit for prison time that was administratively imposed by the parole board. However, appellant provides no evidence to prove that any credit was owed in either instance. Appellant does not provide the date that he was actually delivered to the ODRC in order to determine what credit was owed, nor does he cite to any proof that he was entitled to a credit for prison time imposed by the parole board.

{¶ 11} "[T]he burden of affirmatively demonstrating error on appeal and substantiating the arguments in support of the error is upon * * * the appellant." *Wells Fargo Bank, N.A. v. Baldwin*, 12th Dist. Butler No. CA2011-12-227, 2012-Ohio-3424, ¶ 10.

{¶ 12} In light of the foregoing, having found that (1) appellant's argument that the trial court erred in failing to provide its reasoning when imposing the maximum sentence is barred by the doctrine of res judicata, and (2) appellant failed to meet his burden of affirmatively demonstrating error with regard to the days remaining on his postrelease control, appellant's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.