[Cite as *State v. Kennard*, 2016-Ohio-8192.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2016CA00029 |
| BRANDON KENNARD | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Richland County Common Pleas Court, Case Nos. 2010-CR-0396 and 2010-CR-0543

JUDGMENT:         Affirmed

DATE OF JUDGMENT ENTRY:  December 16, 2016

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

BAMBI COUCH PAGE      BRANDON KENNARD, PRO SE
Prosecuting Attorney       Inmate No. 672-677
Richland County, Ohio      Allen Oakwood Correctional Institution
             2338 North West Street
By: DANIEL M. ROGERS    Lima, Ohio 45802
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 S. Park Street
Mansfield, Ohio 44902

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Brandon M. Kennard appeals the November 3, 2015 Order for Additional Jail Time Credit entered by the Richland County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

**{¶2}** On July 9, 2010, the Richland County Grand Jury indicted Appellant on one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree, in Richland County Court of Common Pleas Case No. 10-CR-0396. Appellant entered a plea of not guilty to the Indictment at his arraignment on August 10, 2010. At a Prosecutor Pretrial on August 23, 2010, the trial court appointed Attorney Dale Musilli as counsel for Appellant. The trial court also released Appellant on a $10,000 personal recognizance bond.

**{¶3}** The trial court revoked Appellant's bond and issued a bench warrant for his arrest on September 10, 2010. The trial court scheduled a final pretrial for October 19, 2010, and jury trial for November 15, 2010.

**{¶4}** On October 8, 2010, the Richland County Grand Jury indicted Appellant on one count of receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree; and one count of forgery, in violation of R.C. 2913.31(A)(3), a felony of the fifth degree, in Richland County Court of Common Pleas Case No. 2010-CR-0543.

---

[1] A Statement of the Facts underlying Appellant's conviction and sentence is not necessary for our disposition of this Appeal.

{¶5}   At the final pretrial in Case No. 10-CR-0396 on October 19, 2010, the state filed a Notice of Victims of Crime in Case No. 10-CR-0543. The trial court continued the jury trial in Case No. 10-CR-0396 after Appellant requested a change of plea hearing.

{¶6}   Appellant appeared for arraignment in Case No. 2010-CR-0543 on December 16, 2010, and entered a plea of not guilty to the Indictment. The trial court continued Attorney Musilli's prior appointment and scheduled a Prosecutor Pretrial for December 27, 2010. The trial court scheduled final pretrials in both cases for January 18, 2011, and jury trials in both cases for February 28, 2011. Subsequently, upon Appellant's request, the trial court scheduled change of plea hearings in both cases for February 23, 2011.

{¶7}   On February 23, 2011, Appellant appeared before the trial court, withdrew his former pleas of not guilty, and entered a plea of guilty to all of the counts in both Indictments. The trial court imposed prison terms of nine months on each of the three counts with the terms to be served consecutively. The trial court suspended the sentence and placed Appellant on three years of community control. The trial court also ordered Appellant to pay restitution.

{¶8}   Appellant violated his community control, and the trial court issued bench warrants in Case Nos. 10-CR-0396 and 10-CR-0543. The trial court tolled Appellant's community control period pending his arrest on the bench warrants. Appellant appeared for arraignment on the community control violations on March 3, 2012, and entered pleas of not guilty. At the final hearing on March 13, 2012, Appellant pled guilty to the community control violations. The trial court continued Appellant on community control, and ordered him to complete treatment in a community based correctional facility.

{¶9} On June 25, 2012, after Appellant again violated his community control, the trial court issued bench warrants in Case Nos. 10-CR-0396 and 10-CR-0543. The trial court learned Appellant was incarcerated in the Ashland County Jail. On July 9, 2012, the trial court scheduled an arraignment on the new community control violations for July 24, 2012, and issued an order to convey. Appellant entered a plea of not guilty to the community control violations. Attorney Marcus Wolf entered a Notice of Appearance on Appellant's behalf. Appellant pled guilty to the community control violations on August 8, 2012. The trial court again continued community control, and ordered Appellant to complete treatment at Volunteers of America. The trial court advised Appellant any further community control violations would result in the imposition on his entire suspended prison terms.

{¶10} Appellant entered Volunteers of America on August 9, 2012. He spent his first seven days there on restricted-to-the-facility status. Appellant completed Volunteers of America on October 18, 2012. The trial court issued bench warrants in Case Nos. 10-CR-0396 and 10-CR-0543 based upon Appellant's violating his community control due to his conviction in Ashland County Court of Common Pleas Case No. 12-CRI-073. Appellant was arraigned on the new community control violations on October 23, 2012. Attorney Wolf was appointed to represent Appellant. The trial court released Appellant on a personal recognizance bond, and ordered him to reside at the Community Alternative Center. The trial court revoked Appellant's bond and issued a bench warrant on November 13, 2012. The trial court conducted a final hearing on the community control violations on November 21, 2012.

**{¶11}** Appellant was sentenced to an eight month prison term in Ashland County Case No. 12-CRI-073 on December 10, 2012. The trial court tolled Appellant's community control period in Case Nos. 10-CR-0396 and 10-CR-0543 while he served his sentence in the Ashland County case. The trial court reinstated Appellant's community control on July 23, 2013.

**{¶12}** On September 11, 2014, the trial court issued bench warrants in Case Nos. 10-CR-0396 and 10-CR-0543 after Appellant again violated his community control. Appellant ultimately pled guilty to the community control violations. The trial court continued Appellant on community control, ordered him to complete Firelands Drug and Mental Health Counseling and to maintain full-time employment. The trial court advised Appellant no future community control violations would be tolerated. On December 29, 2014, the trial court extended Appellant's community control until January 25, 2017. The trial court later extended his community control until February 8, 2017.

**{¶13}** After Appellant once again violated his community control, the trial court issued bench warrants on May 5, 2015. The trial court tolled Appellant's community control until his arrest on the bench warrants. Appellant was served with the warrants on July 18, 2015. Appellant subsequently pled guilty to the community control violations on August 12, 2015. The trial court imposed the three originally suspended nine month prison terms. The trial court credited Appellant with 149 days of jail-time credit.

**{¶14}** On October 15, 2015, Appellant filed a motion for jail-time credit, requesting credit for time spent in the Richland County Jail, the Huron County Jail, Volunteers of America, and the Community Alternative Center. Program directors for Volunteers of America and the Community Alternative Center filed affidavits with the trial court

describing their respective facilities and Appellant's time at those facilities. Appellant did not provide the trial court with any evidence or documentation relative to his time in the Richland County Jail or the Huron County Jail.

{¶15} Via Order filed November 3, 2015, the trial court granted Appellant seven days of jail-time credit for the time he spent at Volunteers of America, and seventeen days of jail-time credit for the time he spent at the Community Alternative Center. Appellant did not appeal the trial court's November 3, 2015 Order.

{¶16} On March 16, 2015, Appellant filed a motion for pretrial jail-time credit. In support of his motion, Appellant attached a hand-written letter to the trial court. Appellant again requested jail-time credit for his time at Volunteers of America and the Community Alternative Center as well as time spent in the Huron County Jail. Appellant did not provide the trial court with any evidence or documentation supporting his request for additional jail-time credit for his time at Volunteers of America or the Community Alternative Center.

{¶17} Via Order filed April 26, 2016, the trial court denied Appellant's request for additional jail-time credit for his time at Volunteers of America and the Community Alternative Center, but granted Appellant thirteen days of jail-time credit for his time in the Huron County Jail.

{¶18} It is from this order Appellant appeals, raising as his sole assignment of error:

I. THE TRIAL COURT ERRED IN NOT GIVING KENNARD TIME CREDIT FOR BEING IN A COMMUNITY-BASED CORRECTIONAL FACILITY (CBCF).

I

**{¶19}**  In his sole assignment of error, Appellant specifically contends the trial court erred in failing to grant him jail-time credit for all seventy-one days he spent at Volunteers of America.

**{¶20}**  We overrule Appellant's assignment of error as it is barred by the doctrine of res judicata.

**{¶21}**  "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 95.

**{¶22}**  In his October 15, 2015 motion for jail-time credit, Appellant requested, for the first time, jail-time credit of seventy-one days for his time at Volunteers of America. Nicole Chinn, a program director at Volunteers of America, filed an affidavit with the trial court, describing the facility and Appellant's time at the facility. Relying on the affidavit, the trial court granted Appellant credit for the first seven days he spent at Volunteers of America, but not for his remaining sixty-four days. See, November 3, 2015 Order. Appellant did not file an appeal from the November 3, 2015 Order. Instead, Appellant filed

another motion for pre-trial jail credit on March 16, 2016, again requesting credit for the entire seventy-one days he was at Volunteers of America.[2]

{¶23} We find the trial court properly denied Appellant's additional request for jail-time credit at Volunteers of America based upon res judicata.

{¶24} Appellant's sole assignment of error is overruled.

{¶25} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur

---

[2] Appellant included a hand-written letter to the trial court in support of his motion. The information contained in the letter conflicted with the information in Chinn's affidavit.