[Cite as *State v. Brooks*, 2017-Ohio-7304.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO C.A. No. 16CA011028

Appellee

v. APPEAL FROM JUDGMENT
ENTERED IN THE
VICTOR C. BROOKS COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
Appellant CASE No. 13CR088209

DECISION AND JOURNAL ENTRY

Dated: August 21, 2017

HENSAL, Presiding Judge.

{¶1} Victor Brooks appeals the denial of his motion requesting resentencing in the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} A jury found Mr. Brooks guilty of four counts of possession of drugs and one count of trafficking in drugs, and the trial court sentenced him to a total of 49 months in prison. In his delayed direct appeal, Mr. Brooks argued that the trial court incorrectly sentenced him on allied offenses, that the court failed to make the findings required to impose consecutive sentences, and that the prosecutor committed misconduct during the trial. This Court recently upheld Mr. Brooks's convictions, but determined that the trial court did not make the findings required for consecutive sentences. *State v. Brooks*, 9th Dist. Lorain No. 16CA010958, 2017-Ohio-5620, ¶ 10. It, therefore, has remanded the action for further proceedings. *Id*. at ¶ 20.

{¶3}    While his direct appeal was pending, Mr. Brooks filed a motion in the trial court requesting resentencing.  In his motion, he argued that some of his offenses were allied and that the trial court failed to make the findings required to impose consecutive sentences.  The trial court denied his motion.  Mr. Brooks has appealed its order, assigning two errors.

II.

ASSIGNMENT OF ERROR I

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO BE RESENTENCED BASED ON SENTENCE BEING IMPOSED CONTRARY TO LAW AND FAILURE TO MERGE SENTENCES UNDER R.C. 2941.25 (ALLIED OFFENSES) WITHOUT HOLDING AN EVIDENTIARY HEARING OR STATING ITS REASONS FOR DENYING APPELLANT'S MOTION.

{¶4}    Mr. Brooks argues that the trial court erred when it imposed separate sentences for some of his offenses because they were allied and should have merged for sentencing purposes.  "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised * * * on an appeal from that judgment."  *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus.  Mr. Brooks argued in his delayed direct appeal that the trial court erred when it failed to merge several of the counts against him as allied offenses of similar import. *Brooks* at ¶ 4.  We, therefore, conclude that his allied offense argument is barred under the doctrine of res judicata.  Mr. Brooks's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO BE RESENTENCED BASED ON SENTENCE BEING IMPOSED CONTRARY TO LAW AND FAILURE TO COMPLY WITH R.C. 2929.14(C)(4) WITHOUT HOLDING AN

EVIDENTIARY HEARING OR STATING ITS REASONS FOR DENYING APPELLANT'S MOTION.

{¶5}    In his second assignment of error, Mr. Brooks argues that the trial court erred when it failed to state the findings required to impose consecutive sentences under Revised Code Section 2929.14(C).  We note that Mr. Brooks made this same argument in his delayed direct appeal and that this Court reversed and remanded on that issue.  *Id*. at ¶ 10, 20.  We, therefore, conclude that Mr. Brooks's argument is moot, and it is overruled in that basis.  *See* App.R. 12(A)(1)(c).

III.

{¶6}    Mr. Brook's assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

VICTOR C. BROOKS, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.