[Cite as *State v. Anglero*, 2018-Ohio-4852.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106336**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**EFRAIN ANGLERO**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-611546-B

**BEFORE:** Blackmon, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 6, 2018

**ATTORNEY FOR APPELLANT**

J. Charles Ruiz-Bueno
36130 Ridge Road
Willoughby, Ohio 44094


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Amy Venesile
Callista Plemel
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, J.:

{¶1}    Efrain Anglero ("Anglero") appeals from the trial court's denial of his motion to withdraw guilty plea and assigns the following errors for our review:

> I.  The trial court erred in failing to grant indigent defendant's motion to waive mandatory fines.

> II.    Whether the trial court committed reversible error when it denied the Appellant's motion to withdraw guilty plea.

{¶2}    Having reviewed the record and pertinent law, we affirm.  The apposite facts follow.

{¶3}    On January 19, 2017, Anglero pled guilty to drug trafficking with firearm, forfeiture, and juvenile specifications; multiple counts of drug possession; two counts of having a weapon while under disability; and possession of criminal tools.   On January 30, 2017, the court sentenced Anglero to a total of seven years in prison and ordered him to pay a mandatory fine of $10,000.  Anglero did not file a direct appeal.  However, he filed a series of pro se motions

related to payment of the fine, that the court denied.   Additionally, on August 28, 2017, Anglero filed a pro se motion to withdraw his guilty plea, that the court denied on September 5, 2017.   It is from this order that Anglero appeals.[1]

## Mandatory Fines

{¶4}    Anglero argues that his plea agreement included the imposition of a $5,000 fine on his third-degree felony convictions and a waiver of the fines on his first-degree felony convictions.   During Anglero's plea hearing, the state agreed that a $5,000 fine was part of the recommended global sentence.   At the sentencing hearing, however, the court imposed both a $5,000 fine and a $10,000 fine on Count 1, which is a first-degree felony.   *Compare* "So I'll impose a $5,000 mandatory minimum fine in Count 1" *with* "The Court after conducting its hearing finds that this defendant does have the ability to earn income, and therefore, in Count 1, for the drug trafficking, I'll impose a $10,000 mandatory minimum fine, and I'll find that he is able to pay those fines."   The sentencing journal entry, however, reflects only the imposition of a $10,000 fine on count one.

{¶5}    The state argues that Anglero's challenge to his fine is barred by the doctrine of res judicata, because it should have been, but was not, raised in a direct appeal.   Anglero's motion to withdraw his guilty plea which is the only issue properly before this court, is based on the trial court's failure to properly impose postrelease control.   The imposition of fines is not part of Anglero's motion to withdraw his guilty plea.

{¶6}    "[A] convicted defendant is precluded under the doctrine of *res judicata* from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any

---

[1] Anglero filed his notice of appeal pro se, and on December 22, 2017, he filed a motion to appoint counsel that this court granted.   Anglero's appellate brief was filed by his appointed counsel.

claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." (Emphasis sic.) *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996).

{¶7} Anglero failed to file a direct appeal of his conviction and sentence. Issues concerning his court imposed fines could and should have been raised then and are now barred by the doctrine of res judicata. Accordingly, Anglero's first assigned error is overruled.

**Motion to Withdraw Guilty Plea**

{¶8} Pursuant to Crim.R. 32.1, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under Crim.R. 11(C)(2)(a), during a plea hearing, the trial court must advise a defendant of any applicable mandatory period of postrelease control and determine that the defendant understands "the maximum penalty involved."

{¶9} Anglero argues that the court erred by failing to advise him during his plea hearing that he faced three years of discretionary postrelease control on three of the counts with which he was charged. However, a review of the plea hearing transcript shows that the court properly advised Anglero regarding the postrelease control he was facing by pleading guilty.

THE COURT: Mr. Anglero, you heard you're going [sic] be pleading guilty to two felonies of the first degree. * * * Felonies of the first degree are punishable by three to 11 years in prison and * * * mandatory five years post release control * * * at the end of a prison sentence that you're going to serve in this case. That means the parole board can supervise you for five years and actually return you to prison for established violations, as long as that additional time for any violations that you commit does not exceed more than one half of what this court sentences you to.

> If you have reporting requirements placed upon you by the parole board and you intentionally abscond, you can be charged with a new felony, that being escape.
>
> Do you understand that?

ANGLERO: Yes, Your Honor.

THE COURT: Felonies of the fifth degree are punishable by six to 12 months in prison in monthly increments * * * and three years post release control as described. * * * [T]here's three of those felonies of the fifth degree.

> So those are all of the penalties of the offenses that you're pleading to. However, in exchange for your plea of guilty the State of Ohio has negotiated a sentence with your counsel. And so if you plead guilty to all of those offenses, what's going to happen is the court is going to sentence you to the sentence that you negotiated on your own behalf through your counsel. That's seven years, with credit for time served, mandatory five years post release control. So you'll serve seven years and then you'll be supervised for five years.
> Do you understand this?

ANGLERO: Yes, sir, I do.

{¶10} Upon review, we find that the court properly advised Anglero of both postrelease control periods, and that Anglero understood the maximum penalty involved in his plea. Accordingly, Anglero failed to show a manifest injustice, and the court did not err when it denied his motion to withdraw guilty plea. Anglero's second assigned error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed,

any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR
: