[Cite as *Curtis v. Brown Cty. Coroner*, 2017-Ohio-7018.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| RICHARD CURTIS, | : | CASE NO. CA2016-12-026 |
| Plaintiff-Appellant, | : | O P I N I O N |
| | : | 7/31/2017 |
| - vs - | : | |
| | : | |
| BROWN COUNTY CORONER, | : | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 2016-0372

Richard Curtis, #A615995, Marion Correctional Institution, 940 Marion-Williamsport Road, Marion, Ohio 43302, plaintiff-appellant, pro se

Zachary A. Corbin, Brown County Prosecuting Attorney, Mary McMullen, 200 East Cherry Street, Georgetown, Ohio 45121, for defendant-appellee

**S. POWELL, P.J.**

{¶ 1} Plaintiff-appellant, Richard Curtis, appeals from the decision of the Brown County Court of Common Pleas granting judgment to defendant-appellee, the Brown County Coroner's Office ("Coroner"), on a Civ.R. 12(B)(6) motion to dismiss the pro se motion filed by Curtis relating to the death certificate of Curtis' deceased wife. For the reasons outlined below, we affirm.

{¶ 2}   As relevant here, on August 13, 1996, Linda Curtis, appellant's wife, was shot in the head.  On the original death certificate, Dr. Timothy McKinley, the then Brown County Coroner, determined the cause of death to be a gunshot wound to the head.  However, Dr. McKinley was unable to determine whether Curtis' gunshot wound was a suicide, or alternatively, a homicide.  Dr. McKinley, therefore, wrote in the relevant portion of the death certificate "undetermined."

{¶ 3}   On February 6, 2001, after receiving additional information, Dr. McKinley filed a supplementary medical certification listing the manner of death as homicide.  Curtis was subsequently charged and convicted of the murder of his wife.  As a result of his conviction, Curtis is currently serving a life sentence in prison.

{¶ 4}   Curtis has previously raised issues regarding the death certificate in petitions for postconviction relief, habeas corpus, quo warranto, declaratory judgment, and mandamus.  In fact, when reviewing Curtis' prior filings, it is undisputed that Curtis has filed at least twelve prior cases and appeals that address his wife's death certificate, all of which have been decided against him.

{¶ 5}   On June 10, 2016, Curtis filed another challenge to the death certificate issued by the Coroner.  The Coroner moved the court to dismiss under Civ.R. 12(B)(6) and the trial court granted the motion.  Curtis now appeals from the trial court's decision, raising five assignments of error for review.  For ease of discussion, we consider Curtis' final two assignments of error together.

{¶ 6}   Assignment of Error No. 1:

{¶ 7}   TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT BY DISMISSING APPELLANT'S ACTION PURSUANT TO R.C. 313.19 BY GRANTING A CIVIL R. 12(B)(6) MOTION FILED BY THE DEFENDANT WITHOUT FIRST CONDUCTING A HEARING PURSUANT TO R.C. 313.19.  SAID ERROR

DEPRIVED APPELLANT OF DUE PROCESS OF LAW PURSUANT TO ARTICLE I, SECTION 16, OHIO CONSTITUTION, FOURTEENTH AMENDMENT UNITED STATES CONSTITUTION. [sic throughout].

{¶ 8} In his first assignment of error, Curtis contends the trial court both abused its discretion and erred by dismissing this action pursuant to R.C. 313.19 without first conducting a hearing, and that such error deprived Curtis of his due process rights. In support of this claim, Curtis argues that the Civil Rules do not apply to an action under R.C. 313.19 because "Civil Rule 1(C) states that civil rules shall not apply to certain procedures (i.e. statutory proceedings)."

{¶ 9} However, although Curtis is correct in his assertion that the Civil Rules do not apply to "certain procedures," he omits the portion of the rule which clarifies that some special statutory proceedings do incorporate the Civil Rules. Specifically, as stated by Civ.R. 1(C)(8), "in all other statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules." Additionally, the Ohio Supreme Court has declared that R.C. 313.19 does not deprive a civil litigant of constitutional due process. *Vargo v. Travelers Ins. Co.*, 34 Ohio St.3d 27 (1987).

{¶ 10} Furthermore, the Staff Notes to Civ.R. 1 state that the Civil Rules will be applicable to special statutory proceedings that are adversarial in nature unless there is a good and sufficient reason for the Civil Rules not to apply. *See* Civ.R. 1, Staff Notes, Exceptions (1971). Although the Staff Notes are not binding on this court, we find them persuasive as to the legislature's intent when drafting Civ.R. 1. Since this action was necessarily adversarial in nature, which Curtis necessarily concedes, the Civil Rules apply and the trial court did not err in granting the Coroner's 12(B)(6) motion to dismiss. We therefore find no merit with Curtis' argument. Accordingly, Curtis' first assignment of error is

overruled.

{¶ 11} Assignment of Error No. 2:

{¶ 12} TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT IN FINDING APPELLANT'S ACTION PURSUANT TO 313.19 WAS BARRED BY THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL BECAUSE NEITHER CLAIM NOR THE ISSUES WERE DECIDED IN A FORMER PROCEEDING, TWO DIFFERENT ACTIONS-TWO DIFFERENT REMEDIES.

{¶ 13} In this assignment of error, Curtis argues the trial court erred by granting the Coroner's motion to dismiss on the basis of res judicata and collateral estoppel. Although the trial court mentions that Curtis uses the same argument without any new evidence or by citing any new law or statute, the trial court ultimately ruled on the merits of the 12(B)(6) motion and applied the proper legal standard; namely, that Curtis "cannot establish any set of facts that would entitle him to the relief he requests." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St. 3d 545, 548 (1992). Regardless, even if this court were to find that the trial court held that Curtis' claims were barred by res judicata, this court would nevertheless agree with the trial court's decision.

{¶ 14} The doctrine of res judicata provides that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by judgement of conviction, or an appeal from the judgement." *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93, (1996). Since Curtis had the opportunity to raise the issue relating to the amendment of the death certificate at trial, and it is undisputed that he failed to do so, we necessarily hold that he is barred from addressing these issues in this, and any subsequent appeals. Accordingly, Curtis' second assignment of

error is also without merit and overruled.

{¶ 15} Curtis' Assignment of Error No. 3:

{¶ 16} TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT WHEN DISMISSING THE ACTION CHALLENGING THE CORONER'S VERDICT WHICH VIOLATES THE CONDUCT DEFINED AND CLARIFIED BY THE BROWN COUNTY COURT IN ITS *DUNNING v. VARNAU* AND *ADAMSON v. DR JUDITH VARNAU* CASES WHERE IT SETS OUT, CLEARLY AND UNEQUIVOCALLY WHAT THE JURISDICTION AND AUTHORITIES OF THE CORONER ARE UNDER THE STATUTES.

{¶ 17} In his third assignment of error, Curtis contends the trial court erred by granting the Coroner's motion to dismiss since that decision goes against the same court's ruling in the cases cited by Curtis within his assignment of error. However, the facts of those cases are markedly different than the facts here. In the instant case, the Coroner amended the manner of death once, in line with R.C. 3705.22, whereas the issue in those cases was whether the coroner had the authority to conduct a second inquest after already filing a supplemental medical certification.[1] Unlike the case here, the trial court in those cases enjoined the coroner from conducting a *further* investigation into death and attempting to subpoena records not pertinent to her finding regarding the manner of death. In this case, however, Dr. McKinley only changed the manner of death once, in compliance with R.C. 3705.22.

{¶ 18} This court finds *State v. McFeeture*, 8th Dist. Cuyahoga No. 100434, 2015-

---

1. The pertinent part of R.C. 3705.22 reads: "Once a correction or amendment of an item is made on a vital record, that item shall not be corrected or amended *again* except on the order of a court of this state or the request of a court of another state or jurisdiction." (Emphasis added.) Giving effect to the plain meaning of the statute, it is clear the legislature intended to allow for the vital records to be amended once, after which a court order becomes necessary to amend the document again. Since in this case the Coroner only amended the death certificate once, there was no need, as Curtis contends, for a hearing on the matter.

Ohio-1814, persuasive. In *McFeeture*, the appellant's live-in boyfriend died from poisoning over a period of several months. An autopsy was performed the day after the boyfriend died. The initial autopsy report listed the manner of death of the boyfriend as "undetermined." Three years later the autopsy report was amended and signed by the then-county coroner to change the manner of death from "undetermined" to "homicide." On appeal, the appellant raised an assignment of error relating to the coroner's changing of the manner of death. Like Curtis, the appellant in *McFeeture* argued that R.C. 313.19 required a hearing in the common pleas court prior to the change. The Eighth District overruled this assignment stating "under R.C. 313.19, a hearing is required if the *court* directs the coroner to change his report." (Emphasis sic.) *McFeeture* at ¶ 137. We agree with the Eighth District that if the trial court were to have directed this change, it would be required to hold a hearing. We would further hold that a hearing may be required if the coroner were to change his determination more than once. However, that is not the case here, therefore Curtis' third assignment of error is overruled.

{¶ 19} For ease of discussion we will address Curtis' fourth and fifth assignments of error together.

{¶ 20} Assignment of Error No. 4:

{¶ 21} TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT IN DETERMINING THAT THE CORONER HAD JURISDICTION AND STATUTORY AUTHORITY PURSUANT TO R.C. 313.19 AND OAC 3701-5-07 WHEN MAKING UNTIMELY AMENDMENTS OR SUPPLEMENTS.

{¶ 22} Assignment of Error No. 5:

{¶ 23} TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT WHEN IT MADE THE DECISION THAT R.C. 3705.22 GAVE THE CORONER THE RIGHT TO FILE THE SUPPLEMENTARY MEDICAL CERTIFICATION

ONE TIME.

{¶ 24} Curtis argues in his fourth and fifth assignments of error that the Coroner did not have jurisdiction or authority to file the supplementary medical certificate listing the manner of death as homicide. However, R.C. 3705.22 clearly states that the coroner is authorized to issue such supplementary records altering the manner of death. The only prohibition listed in the statute is that in order to change the manner of death a second time, it must be ordered by a court. Curtis' claim otherwise is therefore without merit.

{¶ 25} Curtis also takes issue with the fact that the manner of death was changed by the Coroner, and cites R.C. 313.19 and Ohio Adm.Code 3701-5-07, which deals with *cause of death* not *manner of death*. These two phrases are different as explained in an Ohio Attorney General Opinion:

> It is my understanding that the cause of death is generally understood to be the medical reason for death- as, for example, loss of blood resulting from a wound to the heart; that the mode of death is generally understood to be the type of instrument or injury involved- as, for example, a gunshot wound; and that the manner of death is generally understood to be the style in which the event occurred- as for example, a suicide, homicide, or accident.

1980 Ohio Atty.Gen.Ops. No. 80-091, at 2-352; *see also State ex. rel. Blair v. Balraj*, 69 Ohio St. 3d 310, 631 N.E.2d 1044 (1944).

{¶ 26} Since the cause of death was never changed from the original death certificate, and it was only the manner of death that was changed from undetermined to homicide, R.C. 313.19 and Ohio Adm.Code 3701-5-07 do not support Curtis' claims since Ohio Adm.Code 3701-5-07 deals with cause of death, not manner of death. Therefore, Curtis fourth and fifth assignments of error are likewise without merit and overruled.

{¶ 27} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.