[Cite as *State v. Fisher*, 2019-Ohio-3334.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 19CA5 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| GEORGE FISHER, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 08/14/19** |

_____
<u>APPEARANCES:</u>

George Fisher, Lancaster, Ohio, Pro Se Appellant.

Dave Yost, Ohio Attorney General, and Andrea K. Boyd, Special Prosecutor, Assistant Ohio Attorney General, Ohio Attorney General's Office, Columbus, Ohio, for Appellee.

_____

McFarland, J.

**{¶1}** This is an appeal from the Jackson County Common Pleas Court's denial of Appellant George Fisher's petition for post-conviction relief under R.C. 2953.21. Appellant pleaded guilty to one count of possession of heroin, for which the trial court sentenced him to nine years in prison. Appellant filed a direct appeal of the trial court's judgment, which this Court affirmed. Appellant now contends the trial court erred in denying his subsequent petition for post-conviction relief. Specifically, Appellant argues the petition should have been granted because his counsel was

ineffective for failing to (1) withdraw Appellant's plea before sentencing and (2) move the trial court to conduct a hearing on his motion to suppress. Because the doctrine of res judicata bars Appellant from raising these purported constitutional violations in his motion for post-conviction relief, we overrule his assignments of error and affirm the trial court's judgment.

FACTS

{¶2} On January 13, 2016, Appellant was indicted for one count of possession of heroin, a felony of the first degree, with a specification that Appellant was a major drug offender. On March 22, 2017, Appellant, with retained counsel, pleaded guilty to the charge pursuant to an agreement with Appellee, the State of Ohio, to drop the major drug offender specification. The parties did not make a joint sentencing recommendation and requested a separate sentencing hearing.

{¶3} On May 23, 2017, the trial court held a second plea hearing, at which the parties indicated their plea agreement contemplated a sentencing range encompassing the sentence for a felony in the first degree, rather than the eleven-year sentence mandated by a major drug offender specification. Appellee also asked to amend the charge to reduce the amount of heroin alleged to be possessed to avoid a mandatory maximum sentence. The trial court permitted the amendment, vacated the previous plea and proceeded

with the new plea hearing.  Appellant pleaded guilty to possessing heroin, a felony of the first degree, in violation of R.C. 2925.11(A).  Pursuant to the plea agreement, the major drug offender specification was dismissed.

{¶4} The trial court then heard argument regarding sentencing. Appellee requested the maximum sentence, while Appellant, through his attorney, argued for a lesser sentence.  Appellant chose not to speak.  After the parties concluded their arguments, the trial court sentenced Appellant to nine years in prison.

{¶5} Appellant was granted leave to file a delayed appeal of his sentence.  This Court held oral argument and then denied the appeal on June 28, 2018.  *State v. Fisher*, 4th Dist. Jackson No. 17CA5, 2018-Ohio-2718, ¶ 42.  The Supreme Court of Ohio denied Appellant's petition for jurisdiction on October 24, 2018.  *State v. Fisher*, 153 Ohio St.3d 1505, 2018-Ohio-4285, 109 N.E.3d 1261.  On November 9, 2018, Appellant filed a pro se motion for post-conviction relief, which the trial court denied on February 11, 2019.  On March 7, 2019, Appellant timely filed this appeal of the trial court's decision.

ASSIGNMENTS OF ERROR

"I.     TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO
        WITHDRAW THE PETITIONER'S PLEA PRIOR TO
        SENTENCING.

II.     THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO
        HAVE THE COURT CONDUCT A HEARING ON HIS MOTION
        TO SUPPRESS EVIDENCE.  COUNSEL FAILED TO INSIST
        THAT A HEARING BE HELD ON THE MOTION TO SUPPRESS
        THE EVIDENCE, AND THERE WAS NEVER A RULING BY THE
        COURT."

ASSIGNMENTS OF ERROR I AND II

{¶6} Both of Appellant's assignments of error are based on the

contention that he received ineffective assistance of counsel.  In his first

assignment of error, he argues that his trial counsel was ineffective for

failing to withdraw his plea before sentencing.  In the second assignment of

error, Appellant argues that his trial counsel was ineffective for failing to

insist that the trial court hold a hearing on his pending motion to suppress.

Appellant dedicates his brief to arguing the merits of these assignments of

error.  Appellee argues, in response, that Appellant's claims are both barred

by the doctrine of res judicata and fail on their merits.  Because we agree

that the doctrine of res judicata bars Appellant's claims of ineffective

assistance of counsel, we consider his first and second assignments of error

together here.

{¶7} The Supreme Court of Ohio has held the doctrine of res judicata applies when determining whether post-conviction relief is warranted under R.C. 2953.21. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus; *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Perry* at 176; *see also Szefcyk* at 96.

{¶8} Appellant's assignments of error are based on claims of purported ineffective assistance of counsel that could have been raised on direct appeal from his judgment of conviction. In fact, Appellant did raise a claim of ineffective of counsel, albeit on different grounds, on direct appeal from his judgment of conviction. *Fisher*, 2018-Ohio-2718, ¶ 32. Appellant does not argue that he could not have brought his new claims of ineffective assistance of counsel in his direct appeal. Nor does Appellant claim to have discovered any new evidence relevant to his plea hearing or sentencing. Because Appellant had a full opportunity to raise his ineffective assistance claims on direct appeal and failed to do so, the doctrine of res judicata bars

him from raising them now in a petition for post-conviction relief.

Accordingly, Appellant's first and second assignments of error are

overruled.

{¶9} Having overruled Appellant's assignments of error because his

claims are barred by res judicata, we affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.: Concur in Judgment and Opinion.

For the Court,


BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**