[Cite as *State v. Watson*, 2025-Ohio-1053.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Robert G. Montgomery, J. |
| -vs- | |
| CHARLES WATSON, JR. | Case No. CT2025-0002 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2024-0214

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     March 26, 2025

APPEARANCES:

For Plaintiff-Appellee

RONALD WELCH
Prosecuting Attorney
Muskingum County, Ohio

JOSEPH A. PALMER
27 North Fifth Street
Zanesville, Ohio 43701

For Defendant-Appellant

CHARLES WATSON, JR.
5900 BIS Road, S.W.
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Defendant-appellant Charles Watson, Jr. appeals the December 20, 2024 Journal Entry entered by the Muskingum County Court of Common Pleas, which denied his motion for resentencing. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 4, 2024, the Muskingum County Grand Jury indicted Appellant on one count of having weapons under disability, in violation of R.C. 2923.13(A)(3) and (B), a felony of the third degree; one count of having weapons under disability, in violation of R.C. 2923.13(A)(2) and (B), a felony of the third degree; one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(2) and (F)(1), a felony of the fourth degree; one count of improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B) and (I), a felony of the fourth degree; and falsification, in violation of R.C. 2921.13(A)(3) and (F)(1), a misdemeanor of the first degree. Appellant appeared before the trial court for arraignment on April 10, 2025, and entered a plea of not guilty to the Indictment. Appellant waived his right to a speedy trial.

{¶3} On June 11, 2024, Appellant appeared before the trial court, withdrew his former pleas of not guilty and entered guilty pleas to the five (5) counts contained in the Indictment. Following a Crim. R. 11 colloquy, the trial court accepted Appellant's pleas and found him guilty. The trial court deferred sentencing pending a presentence investigation. On July 31, 2024, the trial court sentenced Appellant to an aggregate prison term of thirty-six (36) months. The trial court memorialized Appellant's sentence via Entry filed August 6, 2024. Appellant did not file a direct appeal from the sentence.

{¶4} On November 8, 2024, Appellant filed a pro se motion for resentencing, asking the trial court to review the constitutionality of charges against him in light of the

First District Court of Appeals' decision in *State v. Storms*, 2024-Ohio-1954 (1st Dist.) The State did not file a response brief.

**{¶5}** Via Journal Entry filed December 20, 2024, the trial court denied Appellant's motion.

**{¶6}** It is from this journal entry Appellant appeals, raising the following issue for review:

THE TRIAL COURT ERRORS AMOUNTED TO REVERSIBLE ERROR IN THIS CASE BY FAILING TO HOLD THE APPLICABLE HEARING TO MAKE A DETERMINATION IN THE BRUEN COURT SET OUT THE APPLICABLE STANDARD AND THE PLAIN TEXT OF THE SECOND AMENDMENT WHICH WOULD HAVE COVERED MR. WATSON'S CONDUCT.

I

**{¶7}** In his sole assignment of error, Appellant challenges the trial court's denial of his motion for resentencing.

**{¶8}** Initially, we note the caption of Appellant's pro se pleading as a motion for resentencing does not definitively define the nature of the pleading. *State v. Reynolds,* 79 Ohio St.3d 158. In *Reynolds*, the Ohio Supreme Court found, despite its caption, an appellant's pleading which (1) is filed subsequent to the expiration of appellant's time for filing a direct appeal; (2) claims the denial of constitutional rights; (3) seeks to render the judgment void or voidable; and (4) asks the trial court to vacate the judgment and

sentence, is a petition for post-conviction relief pursuant to R.C. 2953.21(A)(1). *Id.* at 160. If the pleading meets the definition of a petition for post-conviction relief, it must be treated as such. *State v. Green*, 2015–Ohio–4441, ¶ 10 (5th Dist.).

**{¶9}** We find Appellant's motion constitutes a petition for post-conviction relief. Appellant's motion satisfies this definition of a petition for post-conviction relief as defined in R.C. 2953.21.

**{¶10}** It is well-settled, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." (Citation omitted.) *State v. Elmore*, 2005–Ohio–5940, ¶ 21 (5th Dist.). Under the doctrine of res judicata, a final judgment of conviction bars the defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). A defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996).

**{¶11}** The arguments Appellant raised in his motion for resentencing could have been raised on direct appeal; therefore, are barred by res judicata. Accordingly, we find the trial court properly denied Appellant's motion.

**{¶12}** Appellant's sole assignment of error is overruled.

**{¶13}** The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, J.

Baldwin, P.J.

Montgomery, J. concur