[Cite as *State v. Bell*, 2026-Ohio-202.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30545 |
| Appellee | : | |
| | : | Trial Court Case No. 2007 CR 00802 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| DIAHNTAE BELL | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 23, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and TUCKER, J., concur.

MONTGOMERY C.A. No. 30545

DIAHNTAE BELL, Appellant, Pro Se
MICHAEL P. ALLEN, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Diahntae Bell appeals from a decision and entry overruling his pro se "MOTION FOR AN ORDER TO PRESERVE AND CATALOG ALL EVIDENCE . . . INCLUDING BIOLOGICAL EVIDENCE PURSUANT TO R.C. SECTION 2933.82." For the following reasons, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} Bell's 2007 convictions for murder, burglary, and having weapons while under disability were affirmed on direct appeal. *See State v. Bell*, 2009-Ohio-4783, ¶ 4-7 (2d Dist.) (setting forth the facts underlying Bell's convictions). Bell is serving a sentence of 23 years to life.

{¶ 3} This court previously affirmed the denial of three separate applications for postconviction DNA testing filed by Bell in 2021, 2023, and 2024. *State v. Bell,* 2024-Ohio-5342, ¶ 8-10, 24 (2d Dist.). The following year, this court affirmed the denial of Bell's public records request. *State v. Bell*, 2025-Ohio-4873, ¶ 18 (2d Dist.) ("Bell's motion was simply a backdoor attempt, albeit a clumsy one, to obtain the DNA testing that he had previously been denied.") On April 18, 2025, while that appeal was pending, Bell filed the motion to preserve and catalogue evidence at issue in this appeal. The trial court overruled the motion on June 17, 2025.

{¶ 4} In the motion, Bell asserted that he was "still litigating his case trying to prove his innocence." He attached lists of evidence from his criminal case that had been

maintained in the property rooms of the Montgomery County Sheriff's Office and the trial court. The State opposed the motion, asserting that it was moot because all relevant evidence had already been preserved and catalogued in accordance with R.C. 2953.75.

{¶ 5}   In overruling Bell's motion, the trial court noted that it "follows a long history of repetitive post-conviction filings by [Bell], raising issues that have previously been adjudicated or are otherwise barred by res judicata."[1] The court further determined:

> Since [Bell] is asking for postconviction relief, his motion must fall within a legally authorized vehicle that gives this Court jurisdiction. Critically, Defendant has not filed a petition for postconviction relief under R.C. 2953.21, nor has he satisfied the requirements for filing an untimely or successive petition under R.C. 2953.23(A). He has also failed to file an application for DNA testing pursuant to R.C. 2953.73, which is the statutory prerequisite for seeking an inventory of biological evidence under R.C. 2953.75(B). Absent compliance with these statutory mechanisms, and given the finality of Defendant's conviction, there is no live controversy before the Court and no jurisdictional basis to grant the requested relief.

{¶ 6}   The Court further concluded that while Bell sought an order for the preservation and cataloguing of physical and biological evidence, "the record reflects that the State has already complied with its statutory duties," and there was no relief the court could order that would be of practical effect. The court found that R.C. 2933.82 and R.C. 2953.75 did not require judicial intervention once the State certified compliance, and the State did so in April 2023, rendering Bell's motion "unnecessary and nonjusticiable."

---

1. The trial court's decision incorrectly states that Bell was "convicted in this Court under Case No. 2007 CR 00802 on multiple felony charges, including rape." Bell was not convicted of rape.

3

Finally, the court found that Bell's motion was "a successive filing without legal or factual novelty."

## Assignment of Error and Analysis

{¶ 7} Bell asserts one assignment of error. He argues that he was denied due process of law when the trial court failed to preserve and catalogue the evidence from his criminal case in accordance with R.C. 2933.82. He requests an order "for the common pleas court to preserve and catalogue all evidence."

{¶ 8} R.C. 2933.82 governs the securing and preservation of biological evidence in criminal cases. It establishes requirements for government entities that retain evidence, defines key terms related to biological materials, and creates a framework for preserving evidence that may be relevant to criminal investigations or post-conviction proceedings. R.C. 2953.75 establishes the procedure for determining whether biological evidence exists and remains available for DNA testing in postconviction proceedings. It requires the prosecutor to conduct a diligent investigation and prepare a report regarding the existence and condition of biological material collected from a crime scene or victim when an eligible offender applies for DNA testing under R.C. 2953.73.

{¶ 9} The record reflects that on April 14, 2023, the State filed its "R.C. 2953.75 Report of Prosecutor." The report states that "potential biological material was collected from the scene in the above-captioned case, parent samples of which still exist as outlined in the documents attached hereto." The report includes six exhibits related to the inventory of the evidence, and Bell's motion at issue herein includes part of those exhibits. Given the State's compliance with R.C. 2953.75, Bell was given notice by means of the report of the retention and security of the biological material from his criminal case. As the trial court found, Bell's motion was unnecessary and nonjusticiable.

4

**{¶ 10}** Most significantly, Bell's motion is barred by the doctrine of res judicata. A "convicted defendant is precluded under the doctrine of *res judicata* from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 96 (1996), citing *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Bell's conviction is final, and as we previously noted in *Bell*, 2024-Ohio-5342, ¶ 22 (2d Dist.), he "cannot overcome eyewitness testimony identifying him as the shooter or expert testimony concerning evidence and exposure to the elements." Bell's successive motion is repetitive and has already been resolved; as the State asserts, it "was nothing more than a repackaging of his previous post-conviction DNA petition[s]." Put differently, this issue has been addressed repeatedly as discussed in *State v. Bell,* 2024-Ohio-5342 (2d Dist.), and *State v. Bell,* 2025-Ohio-4873 (2d Dist.). Accordingly, Bell's assigned error is overruled.

## Conclusion

**{¶ 11}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and TUCKER, J., concur.

5